PETER LOWE v. JOHN V. WARTMAN.

1. An action for malicious prosecution is prematurely brought if commenced before the criminal prosecution is ended.
2. A criminal prosecution may be said to have terminated—(1) where there is a verdict of not guilty; (2) where the grand jury ignores a bill; (3) where a *nolle prosequi* is entered; (4) where the accused has been discharged from bail or imprisonment.

In case. On case certified from Somerset Circuit.

Argued at June Term, 1885, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, MAGIE and PARKER.

For the plaintiff, *John A. Frech.*

For the defendant, *J. Vred. Voorhees* and *A. A. Clark.*

The opinion of the court was delivered by

PARKER, J. This action was brought for malicious prosecution.

The summons was issued on June 30th, 1884.

The case was tried in December Term, 1884, of the Circuit.

It was proved that Peter Lowe, the plaintiff, was arrested on the 29th day of March, 1884, by virtue of a warrant issued by a justice of the peace, upon complaint of John V. Wartman, the defendant, made by him in writing, under oath, which complaint set forth that Lowe had been guilty of larceny.

Lowe entered into the usual recognizance for his appearance at the then next term of the Somerset Oyer and Terminer, to be held in April, 1884.

It appears that the justice of the peace did not send the papers to the prosecutor of the pleas, or to any officer of the court, until after the April term. It does not appear that the

matter was brought to the attention of the grand jury until the September term. At the term last named, Wartman was subpoenaed as a witness before the grand jury. He attended and was examined in reference to the complaint.

At that time this suit had been commenced, the process being tested on the 30th of June. There has never been a rule entered, discharging Lowe from the complaint or to release his securities. The jury found for the plaintiff, whereupon a rule to show cause was granted and the case certified to this court.

The only question for decision is, whether this suit was prematurely brought. There is no doubt that this question may be raised under the plea of general issue.

Several cases are found in our reports which settle the law in New Jersey. An action for malicious prosecution is premature if commenced before the criminal prosecution is ended. What constitutes the ending of the prosecution sometimes may admit of doubt. But in this case it is clear that on the 30th of June the criminal prosecution had not terminated. The complaint was pending before the grand jury three months after this suit had been commenced.

A criminal prosecution may be said to have been terminated—(1) where there is a verdict of not guilty; (2) where the grand jury ignore a bill; (3) where a *nolle prosequi* is entered, and (4) where the accused has been discharged from bail or imprisonment. This case does not come under either of the above heads.

The Circuit Court is advised in conformity with the views herein expressed.