ENOS TOMLIN v. JAMES M. E. HILDRETH, ALBERT G. BENNETT AND THE CITY OF CAPE MAY.

Submitted July 6, 1900—Decided November 12, 1900.

1. A corporation itself, the legal entity, cannot commit either a willful or negligent act. It is not responsible for the act of any person not its agent or servant, hence a declaration must contain words which impute liability to it through its actors—its officers, agents or servants. It must allege some act or default by those for whom the corporation must respond under the well-established principle of *respondeat superior.*

2. This rule is especially applicable to a municipal corporation which can be made liable for the acts or defaults of its agents or servants only in certain cases.

3. Whether a municipal corporation is liable for the willful or negligent acts of its agents or servants will depend upon the question of whether they are its agents or servants for the performance of a public duty imposed by law, or merely for the carrying out of its private duties which are for its special benefit or advantage. If the relation is of the former class it is not liable, but if of the latter class, it is.

4. The second section of the "Act for the limitation of actions," of March 27th, 1874, which limits actions of trespass for assault, menace, battery, wounding and imprisonment to suits commenced within four years after the cause of action accrued, is so far repealed by the supplement to said act approved March 24th, 1896, as to limit the right of action in such cases to suits com-

menced within two years next after such actions accrue and not after.

5. It is evident that it was the intent of the legislature, in passing the act approved March 24th, 1896, to cover all actions for injuries to the person which can be said to arise out of the wrongful act, neglect or default of any person, firm, individual or corporation, and to bar the commencement of any such action after two years from the date that the cause of action accrued.

6. Repeal by implication is not favored, but where the language of a later act covers the whole subject-matter of a former statute its repeal by implication follows.

On demurrer to the declaration by the defendant, the city of Cape May, and on demurrer to the plea of the statute of limitations of two years, filed by the other defendants.

The declaration in this case, in so far as it is necessary to quote it, is as follows:

"James M. E. Hildreth and Albert G. Bennett, and the city of Cape May, a municipal corporation of the State of New Jersey, the defendants in this suit, were summoned to answer unto Enos Tomlin, in an action of tort, and thereupon the said plaintiff, by John B. Huffman, his attorney, complains and says that the said defendants, with force and arms, to wit, on the 31st day of August, A. D. 1897, at Cape May City, in the county of Cape May and state aforesaid, and within the jurisdiction of this court, assaulted the said plaintiff, to wit, at Cape May City, in the county of Cape May and state aforesaid, on the said 31st day of August, A. D. 1897, and then and there seized and laid hold of the said plaintiff, and with great force and violence compelled said plaintiff to go in and along divers public streets to and in a place known as the common jail of the city of Cape May, in the county of Cape May and State of New Jersey, said jail then and there being in a dirty, filthy and unhealthy condition, and then and there imprisoned the said plaintiff in said jail and kept and detained him in prison, there in said jail, without any reasonable or probable cause whatsoever, for a long space of time, to wit, for the space of three days, then next following, and until the said plaintiff paid a large sum of money, to wit, the

sum of $10," &c., (then follows special matter in aggravation of damages).

Before Depue, Chief Justice, and Justices Gummere, Ludlow and Fort.

For the plaintiff, *John B. Huffman.*

For the defendant, the city of Cape May, *J. Spicer Leaming.*

For the defendants James M. E. Hildreth and Albert G. Bennett, *J. Spicer Leaming* and *James M. E. Hildreth.*

The opinion of the court was delivered by

Fort, J. This is a suit against the city of Cape May, a municipal corporation, and James M. E. Hildreth and Albert G. Bennett, individuals. They are sued jointly. The city and other defendants have filed separate pleas. The defendant, the city of Cape May, has demurred to the declaration. The individual defendants have filed pleas by way of justification and have pleaded in bar of the action the statute of limitations, that the suit was not instituted within two years after the alleged assault, &c. To the plea of the statute of limitations the plaintiff has demurred.

We will first dispose of the demurrer by the city of Cape May.

The declaration demurred to in this case is very general. It simply charges that the "City of Cape May, a municipal corporation, on the 31st of August, 1897, * * * assaulted the said plaintiff * * * and then and there seized and laid hold of the said plaintiff and with great force and violence compelled the plaintiff to go, &c., to the common jail of the city of Cape May * * * and there confined the said plaintiff in said jail * * * without any reasonable or probable cause * * * for the space of three days," &c.

The declaration is one for assault and false imprisonment, and it simply charges that the "City of Cape May" committed

the assault and forcibly imprisoned.   There is no allegation that the act was done by any agent or servant of the municipality, but the allegation is that the municipality itself did the act.

To say that the "City of Cape May" assaulted, is to state a proposition which is a *reductio ad absurdum*.   A corporation only acts by its agents or servants, and to charge it with an actionable injury resulting from a willful or negligent act, it is necessary to allege that it acted by "its agents and servants," which and which only imports a possible liability by a corporation.   A corporation itself, the legal entity, cannot commit either a willful or negligent act.   It is not responsible for the act of any person not its agent or servant, hence the declaration must contain the words which impute liability to it through its actors—its officers, agents or servants.   The declaration must, upon its face, show that an action has accrued against the corporation by the alleged act or default of those for whom it must respond under the well-established principle of *respondeat superior*.   The facts from which this will appear must be stated in the pleadings.   Facts to constitute a cause of action must appear.   1 *Chit. Pl.* 214.

The rule as here stated is especially applicable to a municipal corporation, which can be made liable for the acts of its agents or servants only in certain cases.   There is a large class of acts by the officers, agents or servants of a municipal corporation for which the municipality is not liable.

The general rule as to the liability of a municipality for the negligent acts of its agents or servants (and as to their willful acts it is much the same), is that an officer elected or appointed by a municipal corporation, in obedience to legislative act, to perform a public service in which the corporation has no private interest and from which it derives no special benefit or advantage in its corporate capacity, cannot be regarded as the servant or agent of the municipality for whose negligence or want of skill it can be held liable.  *Maxmilian* v. *Mayor,* 62 *N. Y.* 160; *Fisher* v. *Boston,* 104 *Mass.* 87.

It will thus appear that the liability of a municipal cor-

poration for the willful or negligent act of its agents or servants, will depend upon the question of whether they are its agents or servants for the performance of a public duty imposed by law or merely for the carrying out of its private duties which are for its special benefit or advantage. If the relation is of the former class, the municipality is not liable, but if of the latter class, it is. *Hafford* v. *New Bedford,* 16 *Gray* 297; *N. Y. & B. S. M. & L. Co.* v. *City of Brooklyn,* 71 *N. Y.* 580; *Oliver* v. *Worcester,* 102 *Mass.* 489.

It seems to us, therefore, that it is fundamental to allege in a declaration against a municipality at least the fact that the act from which it is claimed that the liability arose was committed by some agent or servant of the municipality. In passing upon the sufficiency of the declaration before us, it is not necessary to decide whether it is essential to a good declaration against a municipality to specifically set out the relation of the agent or servant to the municipality to show that he is within the class of agents or servants for whose acts the municipality is liable. In this case the declaration alleges no act of any agent or servant of the municipality of any class whatever. It may be possible that a declaration which charges that the municipality, by its agent or servant, did or neglected to do the act for which the liability is claimed is sufficient, and that proof upon the trial of the fact that the agent or servant is within the class for whose act or neglect the municipality may be held liable will entitle the plaintiff to recover, but that question is not here and is not decided.

It is very doubtful whether a municipality can be held in any case for an assault or false imprisonment by its agent or servant without clear proof at least of an express authorization or direction of the act by its duly constituted authorities acting in solemn form to bind the corporation in the performance of an act or duty authorized by law. *Smith* v. *City of Rochester,* 76 *N. Y.* 506.

Generally, on the question of municipal liability, there are two cases in this state that refer to the principle here

touched upon in part. *Condict* v. *Jersey City,* 17 *Vroom* 157; *Wild* v. *Paterson,* 18 *Id.* 406.

Without going further into the question, we think the declaration does not state sufficient facts to show a cause of action against the defendant, the city of Cape May.

The defendants Hildreth and Bennett, by their second plea to the declaration in this case, set up that upon the face of the declaration, it appears that the "said several supposed causes of action in the said declaration mentioned did not, nor did any or either of them, accrue at any time within two years next before the commencement of this suit." To this plea the plaintiff has demurred. The only remaining question then is, is this demurrer good? By sections 2 and 3 of an "Act for the limitation of actions" (Revision), approved March 27th, 1874, it is provided as follows:

"2. That all actions of trespass for assault, menace, battery, wounding and imprisonment, or any of them, shall be commenced and sued within four years next after the cause of such action shall have accrued and not after.

"3. That every action upon the case for words, shall be commenced and sued in two years next after the words spoken and not after." *Gen. Stat., p.* 1975, §§ 9, 10.

By a supplement to the act above quoted, approved March 24th, 1896, the third section of said act was amended to read as follows:

"3. Every action upon the case for words shall be commenced and sued within two years next after the words spoken and not after, and that all actions hereafter accruing for injuries to persons caused by the wrongful act, neglect or default of any person or persons, firm or firms, individual or individuals, corporation or corporations, within this state, shall be commenced and instituted within two years next after cause of such action shall have accrued and not after." *Pamph. L.* 1896, *p.* 119.

The question for determination in this case is whether the second section of the act approved March 27th, 1874, above quoted, was repealed by the amendment to the third section of said act, by the act approved March 24th, 1896, also

above quoted. The language of the first clause of the act of 1896 is in exact conformity and a mere repetition of the words of the third section of the act of March 27th, 1874, hence there was no change in that section of the act of 1874, and there could therefore have been no intent to change it. The only effect of the act of 1896 is to add to section 3 of the act of 1874 another class of actions which must be commenced and instituted within two years next after the cause of action accrued. The question, therefore, is what class of actions are included within this addition. The act of 1896 itself seems to define what class shall be included within it and they are stated in the statute as follows: "Actions hereafter accruing for injuries to persons caused by the wrongful act, neglect or default of any person," &c. To state it still more briefly, the class of actions are those which may be defined as included within the expression "injuries to persons" and they include all injuries to persons which can arise from any "wrongful act, neglect or default of any other person," &c.

The statute under consideration relates only to private injuries. The word "injury," is defined by Bouvier to be "a wrong or tort," and "private injuries" by the same authority are defined to be "infringements of the private or civil rights belonging to individuals considered as individuals." *Bouv. Dict., tit. "Injury,"* 712.

It would be difficult to form a theory upon which a trespass to the person by an assault and battery or wounding or by a forcible taking and imprisonment would not be included within the designation of an injury to the person assaulted or imprisoned, and when the character of the injury is designated by the statute to be such as is caused by the wrongful act of another, the exclusion of this class of wrongful acts of personal injury would be still more difficult. Would there be any question about the fact that if a person were assaulted by another and died from the assault, that under the language of the first section of the act of March 3d, 1848, known as the "Death act" (which it will be noted uses the exact language of the act of 1896), that the executor or administrator

of the deceased person could maintain an action for damages under that statute against the person whose wrongful act had caused the death? It would seem clear that it was the intention of the legislature, in the passage of the act approved March 24th, 1896, to cover all actions for injury to the person of every class and character which could be said to arise by the wrongful act, neglect or default of any other person, firm, individual or corporation, and to bar the commencement of any such action after two years from the date the cause of action accrued.

Blackstone declares "wrongs to persons" to be of two classes. First, public wrongs, and secondly, private wrongs. With the former we have no concern in this case. "Private wrongs" he defines to be those which are "an infringement or privation of the private or civil rights belonging to individuals considered as individuals and are therefore frequently termed civil injuries." 3 *Bl. Com.* 1.

In the same connection this commentator, in defining how private wrongs may be righted, refers to the different methods, as methods for the "redress of private injuries," thus giving to the term "private injuries" or "personal injuries," interconvertibility with private wrongs when referred to in connection with the methods of redress for private wrongs. The same construction must be given to the words "actions accruing for injuries to persons" as if the words used in that section were: In actions for private wrongs to individuals caused by the wrongful act, neglect or default of any person, &c. Injuries to persons are the result of either public or private wrongs, and the statute under consideration must be construed to embrace all classes of private wrongs which are injuries to the person arising from any wrongful act, neglect or default of any other person, &c. A private wrong is a tort, and a tort is defined "as a private or civil wrong or injury." 1 *Hilliard Torts* 1.

All text-writers upon tort or kindred subjects include in the acts for which redress may be had for private injuries actions for trespass, for assault, menace, battery, wounding and false imprisonment, as well as actions arising from

negligence which is the proximate cause of the injury complained of. Hilliard, in his preface in volume 1 of his work on *Torts,* at page 8, includes as injuries to the body assault and battery, false imprisonment and injuries to the health, and as other injuries to the person he includes injuries to reputation, such as libel, slander and malicious prosecution. These injuries, of course, arising from the wrongful act, and a careful reading of chapters 5, 6 and 7 of volume 1, of Hilliard, will throw light upon the construction to be given to the words "private wrongs" and the words "personal injuries" as used, in relation to their redress.

The declaration in this case is filed for an assault and false imprisonment. · An assault is defined as an unlawful' offer or attempt with force or violence to do a corporeal hurt to another, and when coupled with a battery, is an unlawful beating or other wrongful physical violence or constraint inflicted upon a human being without his consent. *Bouv. Dict., tit. "Assault,"* 152; *Id., tit. "Battery,"* 192.

False imprisonment is the unlawful restraint of a man's liberty by imprisonment or by words and an array of force. *Bouv. Dict., tit. "False Imprisonment,"* 572.

The declaration in this case clearly alleges that the act committed against the plaintiff by the individual defendants in this case, was to seize and lay hold of the said plaintiff with great force and violence and to compel him to go along divers public streets, &c., to the city jail and there to imprison him and keep and detain him in person, &c.

This states a case of injury to the person by the wrongful act of the individual defendants and seems to be clearly within the class of actions interdicted by the act of March 24th, 1896, unless commenced within two years from the time that the cause of action accrued. Where the language of a later act covers the whole subject-matter of a former statute, its repeal by implication follows. It is impossible to hold that section 2 of the act of March 27th, 1874, which limits the right to institute a suit for false imprisonment to four years after the cause of action accrued, is still in force, in the face of a subsequent statute which limits actions

accruing for personal injuries caused by the wrongful act of any person or corporation to within two years from the date that the cause of action accrued. If the actions specifically mentioned in section 2 of the act of March 27th, 1874, are such (as they undoubtedly are) as arise from the wrongful act of another person, then the statute of 1896 applies and repeals by implication section 2 of the act of 1874, in so far as that section allows four years after the cause of action accrues within which to commence suit.

Repeal by implication is not favored, but where the clear intent of the legislature is apparent, such effect will be given to the statute. *State, Morris and Essex Railroad Co.* v. *Commissioners,* 8 *Vroom* 228; *State, Golding* v. *Chambersburg, Id.* 258; *Industrial School District* v. *Whitehead,* 2 *Beas.* 290; *Roche* v. *Jersey City,* 11 *Vroom* 257; *Mersereau* v. *Mersereau Co.,* 6 *Dick. Ch. Rep.* 382.

The result is that we conclude that the demurrer to the plea of the defendants Hildreth and Bennett, that the several causes of action in the plaintiff's declaration mentioned did not, nor did either of them, accrue at any time within two years, must be overruled, and the demurrer of the defendant, the city of Cape May, should be sustained.