EDWARD L. WALLACE v. THE MAYOR AND COMMON COUNCIL OF THE CITY OF NEWARK ET AL.

Argued February 20, 1903—Decided June 8, 1903.

1. Where a declaration charged that a municipal corporation, by its agents duly authorized, empowered and directed so to do, committed upon the plaintiff a tort consisting of assaults, batteries and false imprisonment, it was held, on demurrer, that this was a sufficient allegation of the tortious act by the corporation; that the details of the authorization was a matter for proof at the trial rather than a necessary allegation in the pleading.

2. The demurrer to such a declaration admits that the acts complained of were not *ultra vires*, but that the agents of the corporation had competent authority to commit the assaults. Whether they actually had such authority is a question of fact, to be determined at the trial.

On demurrer to declaration in tort.

Before GUMMERE, CHIEF JUSTICE, and Justices FORT, HENDRICKSON and PITNEY.

·For the plaintiff, *Edward F. Merrey.*

For the defendants, *Malcolm MacLear.*

The opinion of the court was delivered by

HENDRICKSON, J. ' The action is in tort, and the declaration demurred to consists of three counts. The ·first count sets out as a cause of action certain acts of assault, battery and false imprisonment, alleged to have been committed upon the plaintiff by the defendant municipality by its agents, G. B. and F. J. S., who·had been by it placed in charge of its water reservoir and premises at Oak Ridge, New Jersey, from which it supplied with water the citizens of Newark. The count further alleges that said agents of the municipality, before the time of the committing of these outrages, had been by it placed in charge of the said reservoir and premises, with orders to protect the same and prevent trespassing thereon or fishing in said reservoir from the roadway crossing the premises, and were, at the time of the commission thereof, acting under the power, authority and direction of said municipality as aforesaid for the purpose of preventing said plaintiff's fishing in the reservoir from said roadway. The said G. B. and F. J. S. were also charged as jointly liable with the defendant municipality as individuals.

The second count charges that the defendant municipality, by its agents, G. B. and F. J. S., duly authorized, empowered and directed by the said municipality as aforesaid, and the said G. B. and F. J. S., assaulted the said plaintiff, to wit, at the township of West Milford, in the county of Passaic aforesaid, and then and there imprisoned him and kept and detained him in prison there without any reasonable or probable cause whatever, for a long time, to wit, for ten hours then. next following, contrary, &c., wherefore, &c.

The third count is similar to the second.

The demurrer is general to the whole declaration. It follows that if any of the counts be good the demurrer must be overruled.·

We have looked at the second and third counts of the decla-

ration in the light of the specifications of demurrer and we think the counts should be sustained. The first objection raised by the specifications is that a municipality cannot be held for an assault or false imprisonment by its agents or servants without clear proof of the express authorization or direction of the act complained of by its duly-constituted authorities, in solemn form, to bind the corporation, and that the counts in question fail to show that the alleged assault and imprisonment were so expressly authorized or directed. The necessity of clear proof being required as here stated we may perhaps concede. *Tomlin* v. *Hildreth,* 36 *Vroom* 438. But that the authorization by the municipality is not sufficiently pleaded we cannot concede. We are not referred to any case or precedent to sustain the latter contention.

It is a well-recognized rule of pleading that in the allegation of an essential fact it is unnecessary to state such circumstances as merely tend to prove the truth of it. 1 *Chit. Pl.* 225. The point seems to have been raised in *Jeffersonville* v. *Myers,* 2 *Ind. App.* 532. There was a demurrer to a declaration which charged a tort against a municipality and others. The pleader, in describing the tortious act of the corporation, alleged that the defendants wrongfully and unlawfully constructed the embankment, &c. It was contended that it should have been alleged that the wrongful act of the city was authorized by the common council. The court held that the pleading was sufficient. See, also, *La France Fire Engine Co.* v. *Mt. Vernon,* 9 *Wash.* 142.

The other ground of demurrer is that the acts complained of were *ultra vires* and without the scope of the employment of the said G. B. and F. J. S., and unauthorized, and that the declaration discloses no authorization or ratification. But this cannot avail the demurrant so far as the second and third counts are concerned. In each of these the allegation is that the municipality, by its agents, duly authorized, empowered and directed by it as aforesaid, committed the torts complained of. It cannot be said that the words "as aforesaid" should limit the declared authority by reference to the first count. Each count is separate, and since no reference is made to

the first count in the other counts, the rules of pleading exclude the right to import any borrowed force therefrom.   1 *Chit. Pl.* 413.

If this specification properly raises the question of *ultra vires* as regards the powers of the municipality, it may be said that the counts are still sufficient.   The charge that the municipality, by its agents, duly authorized, empowered and directed so to do, committed the torts complained of, carries with it the assertion that it was acting within the scope of its authority in so doing.   It is also a general rule of pleading that matters which should come from the other side need not be stated.   1 *Chit. Pl.* 222.   Upon a like principle it has been held by this court in a suit against a school district to recover upon its note, that it was unnecessary for the holder to aver that in its creation the corporate body which gave it acted within its power.   *Montague* v. *Church School District,* 5 *Vroom* 218; *Ridgefield* v. *Cliffside Park,* 34 *Id.* 371.   See, also, *Brown* v. *Board of Education,* 103 *Cal.* 531.

In *Brokaw* v. *New Jersey Railway and Transportation Co.,* 3 *Vroom* 328, the declaration charged that the defendant company, by their servants, &c., assaulted the plaintiff, &c. In disposing of the demurrer, Justice Depue, speaking for the Supreme Court, said: "The demurrer admits that the servants of the corporate defendant had competent authority to commit the assault and battery, &c.   Whether, in point of fact, the servants of the company had such authority, and the corporation is liable for their acts, is a question of fact to be determined at the trial."

Having reached the result stated as to the second and third counts, we need not consider the question of the validity of the first count of the declaration.   The demurrer must be overruled, with costs.