JOHN D. DAILEY ET AL. v. THOMAS F. KIERNAN ET AL.

Submitted July 5, 1907—Decided November 11, 1907.

The provision of our statute that all actions for injuries to persons, which are caused by the wrongful act, neglect or default of others, shall be commenced within two years after the cause of action shall have accrued does not apply to actions brought to recover for an injury inflicted upon a person by damages done to his property.

On demurrer to plea.

Before GUMMERE, CHIEF JUSTICE, and Justice REED.

For the plaintiffs, *Charles A. Reed.*

For the defendants, *John Griffin.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.    This suit was brought to recover damages sustained by the plaintiffs from an injury received by a vessel belonging to them, which injury was produced by a collision between the plaintiffs' vessel and one belonging to the defendants, and which resulted solely from the carelessness of the defendants' servants. The collision occurred on November 6th, 1901. The suit was instituted March 4th, 1907. The defendants pleaded *actio non* because the plaintiffs' cause of action did not accrue within two years next before the commencement of the suit. To this plea the plaintiffs demur.

The validity of the plea depends upon whether the supplement to the statute of limitations passed March 24th, 1896 (*Pamph. L., p.* 119), which provides that "all actions hereafter accruing for injuries to persons, caused by the wrongful act, neglect or default of any person or persons, firm or firms, individual or individuals, corporation or corporations, within this state, shall be commenced and instituted within two years next after the cause of such action shall have accrued, and not after," applies where the injury complained of is inflicted upon property. If it does not, then the plaintiffs have six years next after the cause of action accrued within which to bring suit.

The question presented is not difficult of solution. Every student of Blackstone will recall that civil injuries are divided into two classes—injuries to personal rights and injuries to property rights. The statute in terms deals only with the former class of injuries—that is, personal injuries—as distinguished from injuries to property rights, for unless the word "persons" is a word of limitation in this statutory provision it is meaningless.

The plaintiffs are entitled to judgment on the demurrer.