## BAKKER v. GILSON.

(Circuit Court, D. New Jersey. April 12, 1909.)

**1. LIMITATION OF ACTIONS (§ 3*)—SUSPENSION—PERSONS UNDER DISABILITY— STATUTES—REPEAL.**

Act N. J. March 27, 1874, § 4 (Rev. St. 1874, p. 441; Gen. St. 1895, p. 1974 et seq.), providing that if any person entitled to any of the actions specified in the three preceding sections, at the time of the accrual thereof, is a minor, he may sue within the time limited after he becomes of age, was not repealed by Act N. J. March 24, 1896 (P. L. p. 119), amending section 3 of the original act, so as to shorten the period of limitation concerning certain causes of action.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 12; Dec. Dig. § 3.*]

**2 LIMITATION OF ACTIONS (§ 3*)—STATUTES—AMENDMENT.**

Act N. J. March 27, 1874, § 4 (Rev. St. 1874, p. 441), suspending limitations created by the act during the minority of persons entitled to sue, was not in conflict with section 3 of such act, as amended by Act March 24, 1896 (P. L. p. 119), reducing the limitation provided for in actions for assault and imprisonment from four to two years.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 10; Dec. Dig. § 3.*]

In Tort. On demurrer to replication.

Richard J. Donovan, for plaintiff.

Michael Dunn, for defendant.

CROSS, District Judge. This action, which is in tort, is founded upon certain alleged negligent acts of the defendant, whereby the plaintiff, to whom he owed a duty, was injured. The pleas filed thereto are the general issue and the statute of limitations. To the second plea the plaintiff replied, in substance, that his action was not barred by the statute of limitations, because at the time of the accident he was an infant within the age of 21 years; that he still is an infant, and that the period of limitation, within which his action must be commenced, would not begin to run until he should have arrived at the full age of 21 years. To this replication the defendant demurred, alleging as ground therefor:

"That the alleged matters and things set forth in the said replication do not constitute under the law a legal and sufficient traverse of the second plea filed by the defendant in the above-entitled cause, by reason of section 4 of the act of the Legislature of the state of New Jersey approved March 27, 1874, entitled 'An act for the limitation of actions,' which provides that the time of limitation within which an action by an infant should be commenced shall not commence to run until the infant arrives at the age of 21 years, having been repealed by Laws 1896, c. 77, entitled 'An act to amend an act entitled "An act for the limitation of actions,"' approved March 27, 1874."

By an act entitled "An act for the limitation of actions," approved March 27, 1874 (Gen. St. N. J. 1895, p. 1974 et seq.), various periods of limitation were fixed by sections 1, 2, and 3 for different specified causes of action. Section 4 of said act is as follows:

"That if any person or persons who is, are, or shall be entitled to any of the actions specified in the three preceding sections of this act, is, are, or

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

shall be, at the time of any such cause of action accruing, within the age of twenty-one years, or insane that then such person or persons shall be at liberty to bring the said action so as he, she, or they institute or take the same within such time as is before limited after his, her, or their coming to or being of full age, or of sane memory, as by other person or persons having no such impediment might be done."

An amendment to the above-entitled act was passed March 24, 1896 (Laws 1896, p. 119). It specifically amended section 3 of the original act, so that it would read as follows:

"Every action upon the case for words shall be commenced and sued within two years next after the words spoken and not after, and that all actions hereafter accruing for injuries to persons caused by the wrongful act, neglect or default of any person or persons, firm or firms, individual or individuals, corporation or corporations, within this state, shall be commenced and instituted within two years next after the cause of such action shall have accrued and not after."

The defendant claims that the amendment of 1896, just referred to, repealed section 4 of the original act. The supplement, however, contains no repealing clause, either general or special; hence, if section 4 is repealed thereby, it must be by implication. Repeals by implication are not favored. Furthermore, the act as amended must be construed and upheld as an entirety, if it reasonably can be. In my judgment section 4 of the original act was not repealed by the amendment of 1896, which, it will be noticed, in terms purported to amend section 3 only of that act. Its entire effect was to shorten the period of limitation in certain causes of action from four to two years. It is true it did this by general and comprehensive language, but which, after all, was not more general or comprehensive than that of the original section.

The question now presented has not been passed upon by the state courts, so far as I am aware. I have been referred, however; to the case of Pike v. D., L. & W. R. R. Co., reported in 31 N. J. Law J., at page 81, in which Judge Adams, of the Circuit Court, construed section 58 of "An act concerning railroads" (Revision of 1903; P. L. 1903, p. 674), and held it to be independent of and not controlled by section 4 of "the act for the limitation of actions." Section 58, just referred to, reads in part as follows:

"All actions accruing from injuries to persons caused by the wrongful act, neglect or default of any railroad company owning or operating any railroad within this state, shall be commenced and sued within two years next after the cause of action accrued, and not after."

This section, it will be noticed, contains no saving clause in favor of infants and lunatics, but did contain, or rather the act of which it forms a part contained, a general repealer of all inconsistent acts. Judge Adams held that the railroad act and the limitation act could not, under the circumstances, be read together, but, on the contrary, they were independent acts, and not parts of one scheme. Hence he refused, in which refusal he was supported by authority, to incorporate or construe section 4 of the limitation act into section 58 of the railroad act. It is unnecessary to consider that case at greater length, since it is obvious that it does not in any wise control or affect the question now presented.

Another case to which I have been referred is Tomlin v. Hildreth, 65 N. J. Law, 438, 47 Atl. 649, in which the cause of action was for assault and imprisonment. The court held in that case that the supplement to the limitation act of 1896, above referred to, although professing to amend only section 3 of the limitation act of 1874, nevertheless amended section 2 of that act to the extent, at least, of requiring a cause of action, like the one then being considered, to be brought within two years, instead of four years, as originally provided by section 2. This construction, however, was obviously necessary in order to give effect to the amendatory act, since the first part of the amendatory section, relating to actions for words spoken, was but a verbatim re-enactment of the entire third section of the original act, and the balance of the amendment, which related to actions for injuries to persons by the wrongful act, neglect, or default of another, and the time within which such actions should be brought, found nothing in the third section upon which to operate, for the reason that causes of action of the character just referred to were dealt with by section 2 of the act of 1874. In brief, therefore, this decision went no farther necessarily than to hold that the act of 1874, as amended by the act of 1896, required an action for assault and imprisonment to be brought within two years, instead of within four, as originally provided. The decision had no relation to or bearing upon section 4 of the act of 1874, or to actions of the character referred to in sections 1, 2, and 3 brought by or in behalf of infants or lunatics.

Considering, then, as was held in Tomlin v. Hildreth, supra, that the purpose of the amendment of 1896 was to require the causes of action specified in section 2 to be brought within two years, instead of within four, it is apparent that the amendment did not repeal or modify section 4 of the original act. The rights of infants and lunatics were not affected by the amendment. Section 4 is still in force, and still controls causes of action specified in sections 1, 2, and 3, when brought in behalf of infants and lunatics. Section 4 of the act of 1874 does not conflict with section 2 of that act, as amended by the act of 1896, any more than it conflicted with that section before it was amended, since the change wrought by the amendment had reference to the period of limitation only. Construing the act as amended as a whole, as it must be, section 4 and the amendment may well stand together.

The demurrer is overruled, with costs.