### EUGENE E. CRANE v. EDWARD W. KETCHAM.

Argued June 5, 1912—Decided November 11, 1912.

An action for alienating a wife's affections, for enticing her away and for criminal conversation is in effect an action upon the case and barred only after six years; it is not an action for injury to the person and barred after two years under section 3 of the statute of limitations as amended in 1896. *Comp. Stat., p.* 3164.

---

On demurrer to pleas.

Before Justices SWAYZE, VOORHEES and KALISCH.

For the plaintiff, *Henry H. Fryling.*

For the defendant, *Charles G. Signor* (*Griggs & Harding,* on the brief).

The opinion of the court was delivered by

SWAYZE, J. This is an action for alienating a wife's affections, for enticing her away, and for criminal conversation. The defendant pleads three pleas of the statute of limitations, one relying on six years' limitation, one on four years, and one on two years. The plaintiff demurs to the pleas setting up the period of four years and the period of two years. The substantial question is whether the action is barred by six, or by four, or by two years. The defendant contends—*first,* that the two years' limitation of section 3 of the statute of limitations (*Comp. Stat., p.* 3164) governs; *second,* if not, then the four years' limitation of section 2.

Section 3 applied originally to actions on the case for words. It was extended in 1896 (*Pamph. L., p.* 119) so as to apply to actions for injuries to persons caused by the wrongful act, neglect or default of any person or corporation within this state. If an action for alienation of a wife's affections or for criminal conversation is an injury to the person within the meaning of the act the plea of two years' limitation is good. The question was not involved in *Tomlin* v. *Hildreth,* 36 *Vroom* 438. That was an action for assault and battery and false imprisonment. It was clearly for an injury to the person, and the only question for the court was whether the amendment of 1896 to section 3 repealed by implication the specific limitation of four years for such actions provided by section 2. Nor was the question involved in *Dailey* v. *Kiernan,* 46 *Id.* 275. That was an action for damages to property, and although a person is in one sense injured when his property is damaged, it was held that "injuries to the person," within the meaning of the act, were such injuries as would, under Blackstone's classification, be within the class of injuries to personal rights as distinguished from injuries to property rights. It was not, however, held that "injuries to the person" were co-extensive with injuries to personal rights. In *Hodge* v. *Wetzler,* 40 *Id.* 490, in discussing the right of a woman to sue for the alienation of her husband's affections, we held that the action could not be sustained under the section of the Practice act that authorizes a married woman, living separate from her husband, to sue in her own name for damages to her person or reputation. We there said: "The cause of action complained of is the alleged violation of conjugal rights. Clearly, it is not an injury to the person in the strict sense of the term, but to the relative rights of the individual. If it be contended that the words 'injury to the person' is equivalent to the expression 'injury to personal rights,' then why does the statute use the words 'damages to the person or reputation?' For under such a construction the words 'injury to the person' must include injury to reputation as well as to all other personal rights, and the use of the word 'reputation' in the statute would be superfluous. And ap-

plying that rule of construction which gives effect to every word of a statute when possible, it follows that the words 'injury to the person' are not the equivalent of the words 'injury to personal rights.'" We were there discussing the section of the Practice act, but the same argument is applicable to section 3 of the statute of limitations. In the latter, as in the former, if the words "injuries to the person" have the broad meaning of "injuries to personal rights," the prior words limiting an action for words spoken are unnecessary and useless. If, however, the words "injuries to persons" have the restricted meaning attributed in Hodge *v.* Wetzler, to similar language of the Practice act, the prior words retain the importance which they had before the amendment of 1896. We think that "injuries to the person" are less extensive in meaning than "injuries to personal rights," and that section 3 is inapplicable. We are confirmed in this view by the general scheme of the act. Sections 1 and 2 are taken from the English statute. Section 1 prescribes a six years' limitation (among other actions) for trespass to land, and to chattels, and for actions upon the case except for slander. Section 2 prescribes a four years' limitation for trespass to the person by assault, menace, battery, wounding and imprisonment. Section 3, prior to 1896, prescribed a two years' limitation for actions on the case for words, thus providing for the exception contained in section 1. The difficulty that confronted the legislature in 1896 seems to have been that actions for negligence were actions upon the case, and not barred except by the lapse of six years. 25 *Cyc.* 1048. One object of the amendment apparently was to shorten this period to two years by making the two years' limitation apply to injuries to persons caused by neglect. For some reason, perhaps to assimilate the period of limitation in the case of personal injuries not due to neglect, the act was extended to such injuries when caused by wrongful act; and thus in effect as we held in Tomlin *v.* Hildreth, section 2 was superseded. But section 1 was not affected and still required six years to bar an action upon the case except for injuries to the person.

Section 2 prescribes four years' limitation in actions of trespass for assault, and the defendant argues that an action for criminal conversation is both in substance and form an action of trespass for assault. At common law either case or trespass seems to have been the proper form of action (1 *Chit. Pl.* (14*th Am. ed.*) \*134), but the count was usually framed in trespass, and the injury was described as committed with force; the law supposed there was force and constraint and that the wife had no power to consent. 3 *Bl. Com.* 139; 2 *Chit. Pl.* \*856, *note a.* Notwithstanding this, Lord Mansfield treated the action as an action on the case. *Cooke* v. *Sayer,* 2 *Burr.* 753. He was followed by Lord Ellenborough (*Macfadzen* v. *Olivant,* 6 *East* 387), who called attention, however, to the fact that trespass for assault might be maintained by a husband for an assault upon his wife, and that it was possible to construe the act as barring the action in four years. In both the cases cited, the plea was not guilty within six years, so that it was unnecessary to decide whether such an action was an action of trespass for assault under section 2, since, if the plea of six years could be sustained, the action was of course barred if the four years' limitation was the one legally applicable to the case. The greater included the less. The very fact, however, that no attempt was made to rely on four years as a bar indicates that lawyers at that time thought the six years' limitation was alone applicable. And so Chitty, in his note (2 *Chit. Pl.* \*856, *note a*), gives as one of his reasons for holding that the action is in effect an action upon the case, the fact that the plea of the statute of limitations is not guilty within six years, and not as in trespass for an assault, not guilty within four years. For while the count for criminal conversation alleged force, other considerations also show that it was substantially an action upon the case and not an action of trespass—*first,* the wrong complained of is not immediate, but consequential, the gist of the action not being the supposed assault on the wife, but the consequent corruption of her body and mind; *second,* because the plaintiff may declare with a *quod cum* which is improper in trespass; *third,* the injury may be stated to have been committed on

divers days and times which is improper in trespass for an assault; *fourth,* the plaintiff is entitled to full costs, though he should not recover forty shillings damages. These considerations we think suffice to show that the action was regarded as an action upon the case and not an action of trespass. This does not, however, dispose of the question, since sometimes we have interpreted the word "trespass" as synonymous with tort. *Ten Eyck* v. *Runk, 2 Vroom* 428; *Tichenor* v. *Hayes, 12 Id.* 193. We think that in section 2 of the statute of limitations the word has the narrower technical meaning. The language is not as in section 5 of the act concerning executors (*Comp. Stat., p.* 2260), simply "any trespass to the person or property;" it is "all actions of trespass." An action *of* trespass was a technical expression for a particular form of action, an action *for* a trespass might well be an action upon the case. The statute is dealing not with torts but with actions by which they were redressed and which must be brought in a certain time or recovery be barred. Moreover, the words are used in section 2 in connection with certain specified torts for which the remedy at common law was an action of trespass as distinguished from an action upon the case; while in section 1 provision is made for other torts for which also an action of trespass was the remedy, and also for all actions upon the case. The object of the statute as it stood prior to 1896 seems to have been to provide in section 1 for actions of trespass to lands, trespass to goods and chattels, and actions upon the case (except slander), in section 2 for actions of trespass to the person, and in section 3 for slander. This included all actions of tort and the sections did not overlap. Since the action for criminal conversation does not come within the language of either section 2 or 3, the pleas that rely on those sections are bad, and the plaintiff is entitled to judgment on his demurrer thereto.