Essex County Circuit Court.

WILLIAM B. KEARNEY, PLAINTIFF, v. MALLON SUBURBAN MOTORS, INC., ET AL., DEFENDANTS.

Decided February 14, 1945.

For the plaintiff, *James F. X. O'Brien.*

For the defendants, *Haines & Chanalis* (by *Patrick J. Maloney*).

WILLIAM A. SMITH, C. C. J. This action is one instituted by the plaintiff to recover on two counts; the first count being an action for malicious prosecution and the second count being an action alleging a conspiracy to maliciously prosecute.

Motion was made before me for judgment on the pleadings on the ground that the complainant is barred by the statute of limitations, in that the cause of action arose on a refusal

by the grand jury to indict on the complaint alleged to have been maliciously prosecuted by a vote taken on April 20th, 1942, and that the suit was not instituted within two years thereafter.

On the coming on of the motion the parties agreed that they would stipulate that the case be tried before the court without a jury on stipulation of facts separately on the issues of the question of the action being barred by the statute of limitations.

The stipulation of facts has attached to it the affidavits of William J. Caffrey, the clerk of the Essex County grand jury, and of the plaintiff, which are to be taken by the court as evidence.

The complaint against the plaintiff was presented to the April term, 1942, grand jury of Essex County. A hearing was had by that jury on April 20th, 1942, and they voted to take no action on the complaint. No announcement of this determination was made, and inquiries by the plaintiff during the April term of the grand jury, which expired in September, 1942, elicited no information to the plaintiff, who first obtained information that the grand jury had refused to indict on November 17th, 1942. His bail was then canceled and he was discharged from custody.

It is evident that there is no practice on the part of the grand juries of Essex County of making known their determination not to indict before the end of the term.

It is claimed by the defendants that the grand jury, having voted on April 20th, 1942, not to indict, that the plaintiff's cause of action of malicious prosecution then arose because it was then determined that the prosecution against the plaintiff had been determined in his favor. It is then urged by the defendants that this action not having been commenced until August 9th, 1944, the action was instituted more than two years after it arose and, therefore, the action is barred by the statute of limitations.

The determination of the grand jury not to indict by a vote to that effect terminated the pending proceeding on the criminal complaint made by the defendant which is charged as the malicious prosecution.

Mr. Justice Parker in *Lowe* v. *Wartman,* 47 *N. J. L.* 413; 1 *Atl. Rep.* 489, 490, in passing on the question of when the criminal prosecution is terminated so as to give rise to a cause of action for malicious prosecution, said:

"A criminal prosecution may be said to have been terminated—(1) where there is a verdict of not guilty; (2) where the grand jury ignore a bill; (3) where a *nolle prosequi* is entered, and (4) where the accused has been discharged from bail or imprisonment."

This is authority to the effect that a vote not to indict ends the prosecution. It is proof that the grand jury ignored the bill.

Mr. Justice Depue, in *Apgar* v. *Woolston,* 43 *N. J. L.* 57 (at *p.* 65), says:

"In this state the refusal of the grand jury to find an indictment has been adjudged to be a sufficient termination of the prosecution, without any formal order of the court discharging the accused."

He cites *Potter* v. *Casterline,* 41 *N. J. L.* 22.

It is my conclusion, therefore, that the plaintiff's cause of action did arise when the grand jury voted not to indict, and, therefore, the cause of action arose on April 20th, 1942.

It being established that the cause of action arose on April 20th, 1942, it is now contended by the defendants in their plea of the statute of limitations that the plaintiff's cause of action was not commenced within two years after it arose, this action having been instituted on August 9th, 1944, which is more than two years after it arose.

The plaintiff's contention is that this cause of action of malicious prosecution is not barred by the statute of limitations until six years after the cause of action arose.

The six-year statute of limitations, *N. J. S. A.* 2:24-1, provides in part as follows:

"All actions in the nature of * * * actions in the nature of actions upon the case, except the actions mentioned of section 2:24-2 and section 2:24-3 of this Title, shall be commenced within six years next after the cause of any such action has accrued, and not thereafter. * * *"

The exception to the six-year provision referred to in 2:24–2 is the two-year statute, which provides as follows:

"All actions for injuries to the person caused by the wrongful act, negligence or default of any person or persons, firm or firms, individual or individuals, corporation or corporations within this state shall be commenced within two years next after the cause of any such action shall have accrued, and not thereafter."

In order to interpret these provisions it will be necessary to look back to the old statute of limitations and apply the previous decisions construing them.

Under the Revision of 1874, 2 *Gen. Stat. of N. J.*, 1895, *p.* 1974, there were three provisions with regard to the limitation of personal actions. They were section 1, the six-year limitation; section 2, the four-year limitation, and section 3, the two-year limitation.

The action for malicious prosecution is an action on the case and the six-year limitation provision under the Revision of 1874 limited actions on the case to six years, in so far as we are concerned here, except actions for slander.

The four-year limitation covered actions for trespass and for assault, menace, battery, wounding and imprisonment.

Section 3, the two-year limitation, covered slander.

In 1896, section 3, which is the two-year limitation, was amended (*Pamph. L.* 1896, *p.* 119) and there was added to that section a provision as follows: "and that all actions hereafter accruing for injuries to persons caused by the wrongful act, neglect or default of any person or persons," &c., "shall be commenced and instituted within two years next after the cause for such action shall have accrued."

These three sections of limitation as amended by the act of 1896 are to be found in 3 *Comp. Stat., pp.* 3162, *et seq.*

It will be noted that the amendment of 1896 referred to "injuries to persons" as distinguished from the present two-year limitation, which refers to "injuries to the person."

When the Revised Statutes of 1937 were passed the four-year limitation statute was omitted under the assumption, I presume, that it was repealed by implication by the passage of the amendment of 1896, but the change in the Revised

Statutes of 1937 was made, as I have indicated "from injuries to persons" to "injuries to the person."

We must, therefore, consider the cases in our Supreme Court, which the drafters of the revision considered, in substituting 2:24–2 as section 2 in place of the old four limitations contained in section 2, and providing 2:24–3 covering the one-year limitation in actions for libel or slander which was enacted in 1934 as a separate act.

In *Tomlin* v. *Hildreth*, 65 *N. J. L.* 438 (at *p.* 443); 47 *Atl. Rep.* 649, the Supreme Court, in dealing with an action of assault and battery, held that the amendment of 1896 applied to that action and repealed by implication the four-year limitation statute contained in section 2 of the Revision of 1874.

In *Dailey* v. *Kiernan*, 75 *N. J. L.* 275; 67 *Atl. Rep.* 1027, the Supreme Court held that the amendment of 1896 did not apply to actions for injury inflicted upon a person by damage done to his property.

In *Crane* v. *Ketcham*, 83 *N. J. L.* 327; 84 *Atl. Rep.* 1052, the Supreme Court held that the amendment of 1896 did not apply to actions for alienation of a wife's affections and for criminal conversation, which is an action on the case. It held that such an action was not an action for injury to the person. At page 328 of 83 *N. J. L.*, at page 1053 of 84 *Atl. Rep.*, the opinion distinguishes between injuries to the person and injuries to the personal rights of a person, saying, 83 *N. J. L.* (at *p.* 329); 84 *Atl. Rep.* (at *p.* 1053), "We think that 'injuries to the person' are less extensive in meaning than 'injuries to personal rights,'" and that section 3 (referring to the two-year limitation of the act of 1896) is inapplicable. The reference in parenthesis is not in the quotation. In the light of these decisions the Revised Statutes of 1937 were enacted. The four-year limitation paragraph was dropped and the old section 3 with the provision as to slander omitted became section 2:24–2, reading as we have heretofore quoted.

It will be noted that the reference in the 1896 act referring to injuries to persons was changed to injuries to the person. It is therefore quite evident that the reference in the present

two-year limitation referring to injuries to the person means physical injury and that actions on the case, other than physical injuries covered by section 2 and actions for libel and slander covered by the present section 3, 2:24-3, which is a one-year limitation, are still covered by the six-year limitation contained in the first section of the present revision.

The gist of the action of malicious prosecution is for an injury to the personal rights as distinguished from injuries to the person. Subsequent arrest and imprisonment are matters of damage but not necessary to be sustained in order to give right to the action of malicious prosecution in so far as the charge that the criminal actions was maliciously prosecuted. *Hammill* v. *Mack International Motor Truck Corp.,* 104 *N. J. L.* 551; 141 *Atl. Rep.* 775.

It is my conclusion that the statute of limitations applying to the action for malicious prosecution is section 2:24-1, fixing the period of limitation as six years, and that this action now before the court is not barred by the statute of limitations.

There will be a finding of judgment in favor of the plaintiff on the defendant's defense of the statute of limitations.