WILLIAM G. KEARNEY, PLAINTIFF-APPELLANT, v. MAL-
LON SUBURBAN MOTORS, INC., ET AL., DEFENDANTS-
RESPONDENTS.

Argued October 17, 1946—Decided April 24, 1947.

For the plaintiff-appellant, *James F. X. O'Brien, Robert J.
McCurrie* and *Sydney Lasser*.

For the defendants-respondents, *Haines, Chanalis, Lynch
& Maloney*.

The opinion of the court was delivered by

DONGES, J.  This appeal is from a judgment on direction
of verdict for defendant in a suit for malicious prosecution.
Plaintiff had been employed by the defendant corporation for
about fifteen years, and was plant manager for two plants of
the corporation for a number of years.  The two individual
defendants are officers of the corporation.  It appears that it
was brought to the attention of the officers of the corporation
that invoices were paid by the corporation for materials that
were never received; that the department of which the plain-
tiff had charge was losing money and that the loss increased
as time went on.  The individual defendants made inquiry
and sought accurate information as to the conditions.  They
conferred with an assistant prosecutor of Essex County and
with a lieutenant of county detectives in the prosecutor's

office. Several interviews were had with the prosecutor's staff and, as a result of the inquiries made, all seemed to believe that the plaintiff had a part in a scheme to obtain money for materials not delivered. Upon the advice of the lieutenant of county detectives, defendant Holmes made a complaint charging plaintiff with fraud by falsifying invoices. The grand jury declined to indict the plaintiff upon the charge laid in the complaint.

The testimony persuaded the learned trial judge that the defendants acted upon probable cause and without malice and he directed a verdict for the defendants.

Plaintiff-appellant sets up four grounds of appeal. Ground 1 has to do with the direction of a verdict. Grounds 2, 3 and 4 have to do with the admission of evidence but in none has the act or the testimony been referred to, so that they need not be considered. *Carlisle* v. *Winant,* 110 *N. J. L.* 333; *Pollitt* v. *General Credit Corp.,* 114 *Id.* 432; *Fleming* v. *McAteer,* 128 *Id.* 188.

As was said in *Evans* v. *Jersey Central Power, &c., Co.,* 119 *N. J. L.* 88, "It is well settled that the fundamental grounds upon which an action for malicious prosecution rests, are that it was instituted against plaintiff without reasonable or probable cause, that the defendant was actuated by a malicious motive in making the charge, and that it has ended in plaintiff's favor. The proofs must sustain all of those grounds or plaintiff's suit must fail. *Weisner* v. *Hansen,* 81 *N. J. L.* 601; 80 *Atl. Rep.* 435; *Vladar* v. *Klopman,* 89 *N. J. L.* 575; 99 *Atl. Rep.* 330. See 65 *A. L. R.* 225."

It appears from the testimony that defendant Holmes took up the matter of the lack of material with the plaintiff and suggested to him that the material might be stolen and that plaintiff should take steps to apprehend the guilty persons; that plaintiff should procure a detective or policeman to watch the shop. Plaintiff did nothing and, finally, defendant Holmes had the police department make special rounds to detect the robber, but nothing developed. Upon further inquiry, and after several interviews with the prosecutor's staff, as above stated, it was concluded to bring the plaintiff into the prosecutor's office and the complaint was made. It appears from

the uncontradicted testimony that there was reasonable ground for the belief that plaintiff had part in a fraudulent scheme to secure pay for undelivered goods. It is not necessary that guilt be established. The learned trial judge, therefore, was warranted in directing a verdict for defendants on this ground.

However, there is another ground for the action complained of by plaintiff. To warrant a submission of a case of malicious prosecution to the jury it must appear that the prosecution complained of was actuated by malice. In the instant case it clearly appears that the defendants were friendly with the plaintiff; that, according to plaintiff's testimony, they had never manifested any but the most friendly attitude; that defendant Holmes had discussed the problem of lack of materials with plaintiff on a number of occasions and sought his help in solving it. There was no evidence of any but kindly and friendly feelings between the parties, and it appears that the conclusion that plaintiff was involved in the situation was one reluctantly arrived at. A failure to show malice warranted the action of the trial judge in directing a verdict for the defendants.

The judgment under review is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, PARKER, BODINE, DONGES, HEHER, EASTWOOD, WELLS, FREUND, McLEAN, JJ. 10.

*For reversal*—COLIE, RAFFERTY, DILL, McGEEHAN, JJ. 4.