**Lloyd M. BUTLER, Appellant,**

v.

**Jack F. SINN, individually and as Mayor of Point Pleasant Beach, New Jersey, Russell Archer, individually and as Chief of Police of Point Pleasant Beach, New Jersey, James T. Ferguson, Harold N. Laird, George Spiegel and John Donahue, individually and as police officers of Point Pleasant Beach, New Jersey, Gerald H. Kolb and Alfred L. Kubach, individually and as investigators of the United States Internal Revenue Service, Joseph M. Kraft, individually and as Assistant United States Attorney for the State of New Jersey, and the United States of America, jointly and severally.**

(D. C. Civil Action No. 364–69)

No. 18115.

United States Court of Appeals, Third Circuit.

Argued March 16, 1970.

Decided April 3, 1970.

Edmund E. Lynch, Jersey City, N. J., for appellant.

Raymond D. Battocchi, Dept. of Justice, Civil Division, Washington, D. C., for federal appellees.

John G. Graham, McGlynn & McGlynn, Newark, N. J., for appellees Sinn, Archer, Ferguson, Laird, Spiegel and Donahue; Richard B. McGlynn, Newark, N. J., of counsel and on the brief.

Before McLAUGHLIN, FREEDMAN and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

On March 27, 1969 plaintiff-appellant filed a complaint in the district court seeking compensatory and punitive damages against the Mayor and the Chief of Police of Point Pleasant Beach, New Jersey, four police officers of that borough, two investigators of the Alcohol and Tobacco Tax Division of the United States Treasury Department, an Assistant United States Attorney, and the United States. He charged that the several defendants maliciously prosecuted him for an alleged violation of Int.Rev. Code of 1954, § 5841, (possession of an unregistered firearm), that his conviction on this charge was reversed by this court on October 29, 1962, and that a judgment of acquittal on the firearm charge was entered in the district court on October 31, 1962. Federal jurisdiction was asserted under the Civil Rights Act, 42 U.S.C. § 1983 and § 1985 (1964).

On June 26, 1969 the district court entered an order dismissing the complaint with prejudice on the ground that the applicable statute of limitations is a bar to the action. All of the acts by the several defendants of which plaintiff complains took place prior to October 31, 1962.

The statute of limitations applicable to an action brought pursuant to 42 U.S.C. § 1983 or § 1985 (1964) is that of the state in which the cause of action arose. O'Sullivan v. Felix, 233 U.S. 318 (1914); Hileman v. Knable, 391 F.2d 596 (3 Cir. 1968); Jones v. Bombeck, 375 F.2d 737 (3 Cir. 1967). Plaintiff-appellant contends that an action for malicious prosecution in New Jersey may be commenced within six years after the cause of action has accrued (N.J.Stat.

§ 2A:14–1, N.J.S.A. (Supp.1969)); Earl v. Winne, 14 N.J. 119, 131, 101 A.2d 535 (1953), and that cause of action for malicious prosecution accrues upon termination of the criminal prosecution favorably to the defendant. Muller Fuel Oil Co. v. Ins. Co. of No. Amer., 95 N.J. Super. 564, 577, 232 A.2d 168, 174 (App. Div. 1967); Kearney v. Mallon Suburban Motors, Inc., 23 N.J.Misc. 83, 41 A.2d 274 (Cir.Ct.1945), aff'd, 135 N.J.L. 457, 52 A.2d 692 (E. & A. 1947); Lowe v. Wartman, 47 N.J.L. 413, 1 A. 489 (Sup. Ct.1885). This, he contends, occurred on October 31, 1962 when the district court entered a judgment of acquittal on the firearm charge.

Assuming these contentions to be correct, the six year statute of limitations became operative on October 31, 1968, and the complaint was properly dismissed. Plaintiff-appellant contends, however, that on October 30, 1968 he filed in the district court a different complaint, prepared inartiscally without the benefit of counsel, and that the complaint in this action should be deemed an amendment of that one.

There are several difficulties with this contention. In the first place, the October 30, 1968 action was by an order dated March 6, 1969 dismissed without prejudice, and no appeal was taken from that dismissal. The parties have stipulated that the docket entries, complaint, and transcript of hearing on the dismissal motion in the first case be included in the appendix of the federal defendant-appellees, but such a stipulation could not extend the time for appeal in that case. 28 U.S.C. § 2107 (1964); Fed. R.Appel.P. 4(a). Moreover, the March 27, 1969 complaint adds both substantive allegations and several additional parties not included in the earlier complaint. Thus, even if the district court had been asked, prior to the March 6, 1969 dismissal of the first complaint, to permit relation back of such an amendment, after the running of the statute of limitations, it probably should not have done so. Fed.R.Civ.P. 15(c). In any event, no motion to amend was made in the first case prior to its dismissal. There was no motion to alter or amend the judgment within the time permitted by Rule 59(e), Fed.R.Civ.P., nor was there any motion for relief from judgment under Rule 60(b).

The present attorney for plaintiff-appellant has with diligence and ingenuity attempted, but failed, to resuscitate a cause of action which had by the passage of time expired before he was retained.

The order of the district court dismissing the complaint will be affirmed.