**Blanche Hobbs McNEILL, Plaintiff,**

v.

**Mesrop A. TARUMIANZ, M.D., and the News-Journal Company, Defendants.**

**Civ. A. No. 1715.**

United States District Court
D. Delaware.

Feb. 24, 1956.

Oliver V. Suddard, Wise & Suddard, Wilmington, Del., and Joseph E. Finley, Washington, D. C., for plaintiff.

Frank O'Donnell, Deputy Atty. Gen., for defendant, Mesrop A. Tarumianz, M. D.

Robert H. Richards, Jr., and Stephen E. Hamilton, Jr., Richards, Layton & Finger, Wilmington, Del., for defendant, The News-Journal Company.

CALEB M. WRIGHT, Judge.

The matter before the court is on motions to dismiss [1] for failure to state a claim against the defendants upon which relief can be granted under Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C.

Two issues are raised by the defendants' motions: (1) whether the cause of action is barred by the applicable Delaware statute of limitations, and (2), if the action is not barred by the limitations statute, whether there was adequate notice for retraction given to the defendant, The News-Journal Company, as required by 10 Delaware Code, Section 3919 [2] and whether notice for retraction must be given to the defendant, Tarumianz, under this same statutory provision.

The complaint charges the defendant, Tarumianz, and the defendant, The News-Journal Company, hereinafter referred to as News-Journal, with libel. The alleged libel was published in the Wilmington Morning News, a daily newspaper published by the defendant, News-Journal, on August 27, 1952. The complaint also charges defendant, Tarumianz, with having made an alleged slanderous statement concerning the plaintiff to a representative of the Wil-

---

1. The affidavit produced by the defendants adds nothing to the pleadings which is material to the issue. Therefore, the court in the exercise of its discretion under Rule 12(b) (6) will exclude the affidavit and treat this matter as a motion to dismiss rather than as a motion for summary judgment.

2. The pertinent provision of 10 Del.C. § 3919 reads as follows:

"(a) Before any action, either civil or criminal, is brought for the publication in a newspaper of a libel, the plaintiff or prosecutor shall at least five days before instituting such action serve notice in writing on the defendant specifying the article and the statements therein which he alleges to be false and defamatory."

mington Morning News on August 26th or 27th, 1952. The plaintiff did not commence suit until June 9, 1955, more than one year after the accrual of the actions for libel and slander, but within three years thereof.

■ Plaintiff contends actions for libel and slander are actions to recover damages caused by an "injury unaccompanied with force or resulting indirectly from the acts of the defendant" within the meaning of 10 Delaware Code, Section 8106.[3] The plaintiff then reasons her action is timely since it was commenced before the expiration of the three year limitation period provided in 10 Delaware Code, Section 8106. Plaintiff is correct in her assertion that injuries for libel and slander are within the meaning of "[injuries] unaccompanied with force or resulting indirectly from the acts of the defendant". However, the problem remains as to whether libel and slander are "personal injuries" within the meaning of 10 Delaware Code, Section 8118,[4] which provision is specifically set forth as a controlling exception to the general three year limitation period of 10 Delaware Code, Section 8106. If libel and slander are "personal injuries" within the meaning of 10 Delaware Code, Section 8118, the plaintiff is unable to recover since suit was not commenced within one year from the accrual of the cause of action.

The Delaware statute limiting actions for personal injuries to one year first became law on May 28, 1897,[5] and has remained the same to this date.[6] Prior to May 28, 1897 all actions for trespass or trespass on the case were barred if not commenced within three years from the date the cause of action accrued.[7]

Between 1852 and 1947, no material change was made in the three year limitation statute except to note in the Delaware Codes of 1915 and 1935 that the three year limitation statute was subject to the provisions of the statute barring actions for alleged personal injuries brought more than one year after they had accrued.[8] In 1947 the Legislature of the State of Delaware repealed the then existing three year limitation of actions statute[9] and enacted the present statute,[10] the pertinent portions of which read as follows:

"Section 8106. * * * No action to recover damages for trespass * * * and no action to recover damages caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant shall be brought after the expiration of 3 years from the accruing of the cause of such action. * * *"

The present statute is the same as the statute it repealed except that the words "action upon the case" were stricken and in lieu thereof the words, "an injury unaccompanied with force or resulting

---

3. 10 Del.C. § 8106 reads:
"No action to recover damages for trespass, no action to regain possession of personal chattels, no action to recover damages for the detention of personal chattels, no action to recover a debt not evidenced by a record or by an instrument under seal, no action based on a detailed statement of the mutual demands in the nature of debit and credit between parties arising out of contractual or fiduciary relations, no action based on a promise, no action based on a statute, and no action to recover damages caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant shall be brought after the expiration of 3 years from the accruing of the cause of such action; subject, however, to the provisions of sections 8107–8109 and 8118 of this title."

4. 10 Del.C. § 8118 is as follows:
"No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 1 year from the date upon which it is claimed that such alleged injuries were sustained."

5. 20 Del.Laws, Ch. 594, § 1.

6. 10 Del.C. § 8118.

7. See Del.C.1852, § 2742.

8. Compare: Del.C.1852, § 2742; Del.C. 1915, § 4671; Del.C.1935, § 5129.

9. Del.C.1935, § 5129.

10. 46 Del.Laws, Ch. 115, § 1; for identical provisions in Delaware Code of 1953, see 10 Del.C. § 8106.

indirectly from the act of the defendant" were substituted. This change simply spelled out the old form of action of trespass on the case. Actions which formerly sounded in trespass or trespass on the case still remain subject to the three year limitation period and, as had been the case since 1897, actions for personal injuries, whether formerly trespass or case, are barred if not commenced within one year of the accrual of the cause of action.

■■■ An examination of the various limitation statutes of Delaware does not indicate any legislative intent to restrict the statute barring actions for personal injuries commenced more than one year after the date they accrue to any particular kind of personal injury. The statute is plain and unambiguous. It creates no exceptions and the court is not justified in departing from the language of the statute and reading into it some qualification or exception which the Legislature did not provide.[11] The Delaware statute is no longer concerned with the form of action and is not limited to injuries caused in any particular manner, but plainly covers all actions for recovery of damages upon a claim for personal injuries whatever the nature of the personal injury.[12] For this reason the Delaware cases cited by the plaintiff[13] and the case in our Third Circuit Court of Appeals,[14] also cited by her, are not in point.

■■ Whether the words, "personal injuries", as used in 10 Delaware Code, § 8118 embrace actions of libel and slander depends upon the principles of common law in force at the time of its passage.[15] Where particular words used in a statute are questioned as to their meaning, they should be given the same or equivalent meaning as that long understood to be their meaning when used by recognized authorities and the courts.

Blackstone classified and distinguished those rights which are annexed to the person as jura personarum. He included within this classification personal security which consists, "in a person's legal and uninterrupted enjoyment of his life, his limbs, his body, his health and his reputation."[16] Chancellor Kent in his twenty-fourth lecture indicated he approved of this same classification of rights, and stated this classification was carried over into colonial legislative enactments and has always been observed.[17]

The plaintiff urges that Blackstone considered "injuries to the person" as less extensive in scope and meaning than "injuries to personal rights." The majority of the courts have not understood this to be the case. They have considered the classification of "rights of personal security" to be synonymous with "personal injury." The generally accepted concept of a "personal injury" includes injuries to the reputation.[18]

11. Lewis v. Pawnee Bill's Wild West Co., 1907, 6 Pennewill, Del., 316, 66 A. 471.

12. Patterson v. Vincent, 1948, 5 Terry, Del., 442, 61 A.2d 416.

13. Gordon v. News-Journal Co., 1935, 6 W.W.Harr., Del., 396, 176 A. 657; Benson v. Dunn, 1904, 5 Pennewill, Del., 169, 63 A. 32. These are actions for libel at common law and were relied upon by the plaintiff to indicate actions for libel in Delaware were actions on the case.

14. Williamson v. Columbia Gas & Electric Corp., 1939, 110 F.2d 15, at page 20. The result depended upon whether the suit was on contract or in tort.

15. State v. Donovan, 5 Boyce, Del., 40, 90 A. 220.

16. 1 Blackstone Commentaries 129.

17. Kent's Commentaries, Vol. 11, p. *16.

18. Fuller v. Edwards, 1942, 180 Va. 191, 22 S.E.2d 26; Brewster v. Baker, Tex. Civ.App.1940, 139 S.W.2d 643; International & G. N. R. Co. v. Edmundson, Tex. Civ.App.1916, 185 S.W. 402, reversed on other grounds, Tex.Com.App.1920, 222 S.W. 181; Times-Democrat Pub. Co. v. Mozee, 5 Cir., 1905, 136 F. 761; Sanderson v. Hunt, 1903, 116 Ky. 435, 76 S.W. 179; McDonald v. Brown, 1902, 23 R.I. 546, 51 A. 213, 58 L.R.A. 768; Houston Printing Co. v. Dement, 1898, 18 Tex.Civ.App. 30, 44 S.W. 558; Johnson v. Bradstreet Co., 1891, 87 Ga. 79, 13 S.E. 250; see Ettore v. Philco Television Broadcasting Corporation, 3 Cir., 1956,

While a minority of the courts would at first glance appear to construe "personal injuries" in a more narrow sense so as to exclude libel and slander, it is readily apparent upon study of the cases, that there was no minority view. The decisions of the so-called minority courts are either based upon the particular wording of the statute,[19] or the general statutory framework of the particular state in which the case was decided,[20] or, the statements of the court indicating libel or slander is not a personal injury, are merely dicta.[21]

There is no firm basis to support the proposition that libel and slander were considered to be other than personal injuries at common law. Furthermore, the statutory framework of Delaware does not indicate the Legislature intended the words, "personal injuries", as used in 10 Delaware Code, Section 8118, to have any restricted meaning. Also public policy would dictate that if one's reputation is injured by a slanderous statement or a libelous publication prompt action should be taken to redress the wrong. Full and effective relief in cases of libel or slander can only be attained by immediate resort to the courts or by a prompt retraction.

The motions to dismiss will be granted because the plaintiff's cause of action is barred by 10 Delaware Code, Section 8118, since it was not commenced within one year from the date of accrual of the cause of action.

The dismissal by reason of the limitations bar renders it unnecessary for the court to decide the effect or meaning of 10 Delaware Code, Section 3919 relating to notice of retraction as it applies to the defendants in this case.

An order in accordance herewith may be submitted.

229 F.2d 481, where Chief Judge Biggs inferred that Delaware treats libel and slander as personal injuries.

19. See Engelking v. Von Wamel, 26 Tex. 469.

20. Crane v. Ketcham, 1912, 83 N.J.L. 327, 84 A. 1052, at page 1054.

21. Smith v. Sherman, 1849, 4 Cush., Mass., 408. See Norton v. Sewall, 1870. 106 Mass. 143, 145.