Minnie Elizabeth BUTLER, a/k/a Bette But-
ler, Defendant Below, Appellant,

v.

Franklin Paul BUTLER, Plaintiff Below,
Appellee.

Supreme Court of Delaware.

July 6, 1966.

Frank O'Donnell and Stephen Hamilton, Wilmington, for appellant.

Victor F. Battaglia of Theisen & Lank, and A. James Gallo, Wilmington, for appellee.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice.

This is an appeal in a divorce action. The husband filed his complaint alleging the marriage of the parties on October 19, 1946; one act of adultery on the part of the wife in the month of July, 1951, and their separation at his instance on November 2, 1964, as soon as he learned of his wife's act of adultery.

The wife moved to dismiss on the ground that the lapse of thirteen years from the alleged act barred the action under 10 Del. C. § 8106, which requires, *inter alia*, that an "action based on a statute" shall be brought within three years of the accrual of the cause of action. The Superior Court denied the wife's motion. The wife appeals.

The appeal raises only a problem of statutory construction—the meaning of 10 Del.C. § 8106, which in full provides:

" § 8106. Actions subject to three-year limitation.

"No action to recover damages for trespass, no action to regain possession of personal chattels, no action to recover damages for the detention of personal chattels, no action to recover a debt not evidenced by a record or by an instrument under seal, no action based on a detailed statement of the mutual demands in the nature of debit and credit between parties arising out of contractual or fiduciary relations, no action based on a promise, no action based on a statute, and no action to recover damages caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant shall be brought after the expiration of 3 years from the accruing of the cause of such actions; subject, however, to the provisions of sections 8107–8109 and 8118 of this title."

The wife argues that since, by 13 Del.C. § 1501, the General Assembly, pursuant to the authority of Article II, § 18 of the Constitution, Del.C.Ann., has conferred jurisdiction over actions for divorce upon the Superior Court, that an action for divorce is an "action based on a statute" which, accordingly, makes 10 Del.C. § 8106, a bar to the maintenance of this particular action for divorce.

She cites in support Wilkins v. Wilkins, 4 Terry 245, 45 A.2d 536, which held that the sole source of jurisdiction of the Superior Court over matrimonial causes was statutory since there was no common law jurisdiction in England over such causes which Delaware courts took over during the Colonial period. This holding has long been the law of Delaware. Jeans v. Jeans, 2 Har. 38; D. v. D., 2 Terry 263, 20 A.2d 139; Brown v. Brown, 3 Terry 157, 29 A.2d 149. While these decisions are those of the Superior Court and, as such, not binding on us, we think they are correct and accept them as a correct statement of the law of this state.

This conclusion, however, does not give the ready answer to the meaning of 10 Del. C. § 8106, which the wife says it does. Prior to 1947 the predecessor of 10 Del.C. § 8106, was 1935 Code, § 5129, which provided in part:

"§ 5129. Sec. 6. No action of trespass, no action of replevin, no action of detinue, no action of debt not found upon a record or specialty, no action of account, no action of assumpsit, and no action upon the case shall be brought after the expiration of three years from the accruing of the cause of such action; * * *."

■ In 1947, by 46 Laws, Ch. 115, the General Assembly amended 1935 Code, § 5129, to read as it now appears in 10 Del.C. § 8106. It seems apparent to us that the purpose of the 1947 amendment might well have been to make the statutory law conform to the 1947 revision of the Superior Court Rules of Civil Procedure, adopted July 1, 1947, Del.C.Ann., to become effective January 1, 1948, which abolished most of the common law forms of personal actions theretofore in use in Delaware, and replaced them with one form of action known as a civil action. This conclusion logically follows because, with the possible exception of "an action based on a statute," all the categories enumerated in 10 Del.C. § 8106, would have been enforced prior to 1947 by the common law actions enumerated in 1935 Code, § 5129.

■ The majority rule is that, absent a specific statute governing them, actions for divorce are never governed by the provisions of a general statute of limitations. 1 Nelson on Divorce (2nd Ed.), §§ 5.02, 9.04; 53 C.J.S. Limitations of Actions § 103, although there is authority to the contrary. Ridgley v. Ridgley, 370 S.W.2d 679. Despite the majority rule that a general statute of limitations not specifically relating to divorce actions does not govern them, the defense of great or unreasonable delay in the bringing of suit may always be made

a matter of defense. 1 Nelson on Divorce, § 9.04. This was the rule in Delaware, at least prior to 1947. D. v. D., supra.

The wife argues that the 1947 amendment changed this, apparently tacitly admitting that such was the prior rule. This is the precise question before us. The question forces us to construe 10 Del.C. § 8106, for the reason that the meaning of the category "action based on a statute" is not on its face free from doubt and ambiguity as to what is its actual meaning. We may therefore have recourse to the rules of statutory construction since we think the legislative intent in the 1947 amendment is not clear.

We are of this opinion for two reasons. First, the legislative history would seem to indicate that it might have been the intention of the General Assembly merely to make the statutory language conform to the new Rules of Civil Procedure. Second, if the intent was in fact to make a general statute of limitations apply for the first time to divorce actions, the amendatory language does not clearly and without doubt accomplish that. That result may be discovered only as a result of an ingenious and technical process of legal reasoning.

■ We are of the opinion, however, that the pertinent rules of statutory construction clearly force the conclusion that the General Assembly did not intend the 1947 amendment to have that result. The first pertinent rule is that of *noscitur a sociis* to the effect that the meaning of doubtful words or phrases may be determined by reference to their association with other associated words and phrases. 2 Sutherland, Statutory Construction (3rd Ed.), § 4908. Application of this rule leads to the conclusion that the phrase "action based on a statute" relates to a common law action for the recovery of money or property since all the other items of 10 Del.C. § 8106, relate to common law actions for the recovery of money or property.

■ Similarly, the rule of *ejusdem generis,* to the effect that where general words

follow or are included with specific words in an enumeration describing a legal subject, the general words are construed to include only objects similar in nature to those described by the specific words. 2 Sutherland, Statutory Construction (3rd Ed.), § 4909. Thus, again in 10 Del.C. § 8106, since the unambiguous language of all other items applies to actions in the nature of common law actions for the recovery of money or property necessarily the phrase, "action based on a statute," refers to a similar type of action.

The application of these two rules of construction therefore means that the phrase, "action based on a statute," refers only to such actions in which the object sought is either the recovery of money or property. We so hold. This means that there is in our statutes no general or specific statute of limitation which may be raised as a defense to an action for divorce.

If it be objected that this result is to emasculate 10 Del.C. § 8106, by nullifying the provision as to actions based on a statute, such is not the fact for in Mayor & Council of Wilmington v. Dukes, 2 Storey 318, 157 A.2d 789, this court held that a suit by the City to recover a license fee imposed by ordinance was subject to the limitation of three years prescribed by 10 Del.C. § 8106, as an action based on a statute.

We think the language, "action based on a statute," is intended to be confined to an action to recover money or property when the right to do so is a new right created by statute, as opposed to a right enforceable by action in the courts which finds its roots in the common law.

It follows therefore that there is no specific or general statute of limitations in this state applicable to divorce actions. This, however, does not mean that such actions are never barred by lapse of time. As we have pointed out, the law in this respect remains unchanged and great or unreasonable delay in bringing action may, under some circumstances, make available the factual defense of laches. We point out in this connection that while it is alleged that the offense charged was thirteen years old, the divorce action was commenced by the husband immediately after hearing of the offense.

The judgment below is affirmed.