**Robert M. HANBY, Jr., Plaintiff,**

v.

**Nathan F. CROSS, Defendant.**

Superior Court of Delaware,
New Castle.

Submitted May 12, 1976.

Decided Aug. 20, 1976.

Bernard A. van Ogtrop of Cooch & Taylor, Wilmington, for plaintiff.

Charles K. Keil and David C. McBride of Bayard, Brill & Handelman, Wilmington, for defendant.

TAYLOR, Judge.

Plaintiff has sued for damages for injuries sustained in an automobile collision. Plaintiff was driving his father's automobile with his father's permission at the time of the accident. Plaintiff's father and defendant were both insured by the same insurance company, Nationwide Insurance Company [Nationwide]. Shortly after the accident, plaintiff filed an accident report with Nationwide, reporting property damage to the vehicle and personal injuries resulting from the accident. After investigation, Nationwide paid plaintiff's father, the owner of the automobile which plaintiff was driving, $425, representing the value of that automobile. In addition, Nationwide paid plaintiff certain sums for medical expenses incurred as a result of the accident.

The automobile accident which resulted in injuries to plaintiff occurred September

22, 1972.[1] This suit was filed March 12, 1975, approximately two and one-half years after the accident. In the answer, defendant asserts the two-year statute of limitations, 10 Del.C. § 8119. Plaintiff seeks summary judgment on the question of whether the action is barred by the statute of limitations.

It is not disputed that more than two years have elapsed between the sustaining of the injuries to plaintiff and the filing of this action and that in the absence of the matters discussed herein a two-year statute of limitations would be applicable. However, plaintiff contends that defendant is barred from asserting the statute of limitations by virtue of 10 Del.C. § 4317 and also by virtue of waiver.

That section, which deals with the effect of an advance or partial payment of damages, provides, inter alia:

"Any person, including any insurer, who makes such an advance or partial payment, shall at the time of the payment notify the recipient in writing of the statute of limitations applicable to such injury or death. Failure to provide such written notice shall operate to toll any applicable statute of limitations or time limitations from the time of such advance or partial payment until such written notice is actually given."

I

■ The first issue is whether the payment to plaintiff's father for the property damage to the father's car without giving notification of the statute of limitations pursuant to 10 Del.C. § 4317 tolled the two-year statute of limitations. The payment to which § 4317 applies is delineated in the following sentence:

"No advance payment or partial payment of damages made by any person or his insurer as an accommodation to an injured person or on his behalf to others or to the estate or dependents of a deceased person, made under liability insurance as defined in § 906(a)(2) of Title 18, because of an injury or death claim or of potential claim against any person or insured thereunder shall be construed as an admission of liability by the person claimed against, or of the insured's recognition of such liability, with respect to such injured or deceased person or with respect to any other claim arising from the same accident or event."

By its terms, the above language applies to an advance payment or partial payment of damages, (1) to an injured person or on his behalf to others or to the estate or dependents of the deceased person, (2) made under liability insurance as defined in 18 Del.C. § 906(a)(2), (3) made because of an injury or death claim or a potential claim, and (4) against the person making the payment or the person covered by such insurance. Defendant contends that this provision is not applicable because it applies only to payments with respect to personal injury or death and because the payment upon which plaintiff relies was made to plaintiff's father in connection with a direct claim of plaintiff's father in his own right not involving any claim, injury or loss to plaintiff.

■ The text of the section indicates that the type of payment to which the section applies is a payment made "because of an injury or death claim or potential claim". 10 Del.C. § 4317 was originally adopted by Chapter 442, Volume 57, Laws of Delaware, which bore the title, "An Act to Amend Chapter 43, Title 10, Delaware Code, Relating to Payments Made as an Accommodation Upon a Personal Injury Claim and Admissibility Thereof as Evidence". The section heading, as set forth in the Act, is "Admissibility of Accommodation Payments for Personal Injury". The quoted language in my judgment re-

---

1. This accident occurred since the "no-fault" motor vehicle law became effective. 58 Del. Laws Ch. 98.

lates to a claim which is commonly referred to as a personal injury claim. It is to be distinguished from a loss which a person may suffer by reason of ownership of real or personal property which is damaged or destroyed. 53 *C.J.S., Limitations of Actions* §§ 74–79, pp. 1042–1050; 51 *Am.Jur.2d, Limitation of Actions* §§ 84–91, pp. 661–666, §§ 102–3, pp. 674–677.

It is noted that in the sentence of the section which requires the giving of notice of the applicable statute of limitations the "non-admission" language is broader than the payment language and is made applicable "with respect to such injured or deceased person or with respect to any other claim arising from the same accident or event". However, this does not serve to expand the more specific description of the type of payment. It is also true that the sentence which authorizes a credit or deduction for the advance or partial payment provides that the credit or deduction may be made from "any final settlement made or judgment rendered with respect to such injured or deceased person . . .". While the quoted language, if taken alone, might be construed to encompass both damages for personal injury or death and damages for property damage or loss, is equally consistent with the specific restriction to personal injury.

Plaintiff points out that § 4317 contains a specific reference to liability insurance as defined in 18 Del.C. § 906(a)(2) and that that provision encompasses insurance coverage against property loss as well as personal injury. If the legislative draftsman had intended to make § 4317 co-extensive with 18 Del.C. § 906(a)(2), the elaborate qualifying language which appears in § 4317 would have been rendered unnecessary. In view of the presence of the qualifying language, I conclude that the legislature intended the payment language to be a limitation or specification of the scope of § 4317.

Plaintiff contends that to confine § 4317 to payments relating to personal injuries, thus excluding payments for property loss, is to construct an artificial dichotomy of damages. While there is much in favor of applying the same principle to each type of payment, I conclude that the dichotomy is one of legislative creation and that if it is to be overcome it should be done by legislative action rather than by judicial action.

Historically, the statutes of this State have differentiated between loss or damage to property and injury to the person. Thus, separate periods of limitation existed until recent years. Cf. 10 Del.C. (1953 ed.) § 8106 and 10 Del.C. (1953 ed.) § 8118. Presently, even though the period of limitation for each is the same, they are dealt with by separate statutory provisions. Cf. 10 Del.C. (1974 ed.) § 8107 and 10 Del.C. (1974 ed.) § 8119.

In support of the distinction between damages for property loss and damages for personal injury, experience shows that the delay in determining total damages may be much less in the case of property loss than in the case of personal injury, since in the latter case substantial time may be required before recuperation is complete or the extent of permanent injury is determined, with expenses continuing during that time. Hence, the likelihood and desirability of interim payments is much greater in the case of personal injury.

Both parties have discussed the decision in *Clough and Roe v. Ball*, Del.Super., 71 C.A.1973 (Kent County) (Letter Opinion, Taylor, J., August 23, 1973) in which this Court discussed the applicability of § 4317 (then referred to as 10 Del.C. § 4318 in the supplement to the 1953 edition) to the payment of medical expenses incurred in connection with a personal injury. The issue there was whether pre-no-fault payment of medical expenses can be considered payment of damages for personal injuries under that section, and the Court decided that issue in the affirmative. Neither the holding nor the language deals with the present issue of whether a payment for property

838

damage falls within § 4317. The Court stated:

"The language of the statute does not indicate a legislative purpose to differentiate between the various elements normally recoverable in an action for personal injuries."

■ I conclude that the payment for property damage or loss did not toll the statute of limitations under 10 Del.C. § 4317.

II

■ Plaintiff further contends that payment of medical bills by Nationwide in December, 1974 without giving the notice required under 10 Del.C. § 4317 constituted a waiver of the statute of limitations. Defendant asserts that the payment of medical bills in December, 1974 was not made under defendant's liability policy, but rather was made by Nationwide under plaintiff's father's personal injury protection coverage provided in accordance with the no-fault motor vehicle law, 21 Del.C. § 2118(g). There is a fact question as to whether the medical bills paid in December, 1974 represented an expense which was "medically ascertainable" within twelve months after the accident, as contemplated by § 2118(a)(2). Hence, the case is not in the proper posture to resolve at the motion for summary judgment stage whether the December, 1974 payment was made by Nationwide as the insurer under defendant's liability policy or whether it was made by Nationwide as the insurer of plaintiff's father under his personal injury protection coverage. The factual issues and inferences necessary to establish waiver in favor of plaintiff have not been so indisputably proved to warrant summary judgment in plaintiff's favor on that issue. *Ebersole v. Lowengrub,* Del., 4 Storey 463, 180 A.2d 467 (1962); *Murphy v. T. B. O'Toole, Inc.,* Del.Super., 8 Terry 99, 87 A.2d 637 (1952); *Phillips v. Delaware Power and Light Co.,* Del., 216 A.2d 281

(1966); *Behringer v. William Gretz Brewing Co.,* Del.Super., 3 Storey 365, 169 A.2d 249 (1961); *Woodcock v. Udell,* Del. Super., 9 Terry 69, 97 A.2d 878 (1953).

Plaintiff's motion for summary judgment is denied.

IT IS SO ORDERED.