**Karolyn M. SMITH, formerly known as Karolyn M. Strafford, Plaintiff,**

v.

**Jacob GOLDSTEIN, Defendant.**

Civ. A. No. 77–97.

United States District Court, D. Delaware.

March 9, 1978.

---

Everett P. Priestley, Priestley & Goll, Wilmington, Del., for plaintiff.

Samuel H. Lewis, Roeberg & Agostini, P. A., and Louis Goldstein, Wilmington, Del., for defendant.

## OPINION

MURRAY M. SCHWARTZ, District Judge.

In this diversity action the Court is confronted with the frequently faced and often intriguing task of deciding how a state supreme court would rule on an issue on which the state courts have not spoken. Specifically, the question is whether the Delaware Supreme Court would declare the two year statute of limitations in 10 *Del.C.* § 8119[1] or the three year statute of limitations in 10 *Del.C.* § 8106[2] to govern this case.

Plaintiff's complaint, filed on March 18, 1977, includes three counts: (1) unlawful ouster; (2) defamation and intentional infliction of mental distress; and (3) malicious use of legal process. The acts upon which the complaint is based allegedly occurred primarily[3] in April and May of 1974. Thus this action was untimely and must be dismissed if a two year statute of limitations governs. Defendant's theory is that the damages allegedly suffered by plaintiff are personal injuries, and thus are subject to the two year statute. Plaintiff urges that the case fits within the categories of the three year statute and that defendant's

---

**1.** 10 *Del.C.* § 8119 states:

"No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained; subject, however, to the provisions of § 8127 of this title."

**2.** 10 *Del.C.* § 8106 provides:

"No action to recover damages for trespass, no action to regain possession of personal chattels, no action to recover damages for the detention of personal chattels, no action to recover a debt not evidenced by a record or by an instrument under seal, no action based in a detailed statement of the mutual demands in the nature of debit and credit between parties arising out of contractual or fiduciary relations, no action based on a promise, no action based on a statute, and no action to recover damages caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant shall be brought after the expiration of 3 years from the accruing of the cause of such action; subject, however, to the provisions of §§ 8108–8110, 8119 and 8127 of this title."

**3.** Plaintiff contends that with respect to her claim of malicious use of legal process the action did not accrue until 1976, when actual notice of the 1974 legal proceedings occurred. Accordingly, plaintiff declares that this action is timely even if a two year statute of limitations is applicable. Doc. 17, at 11. In light of the disposition made with respect to this count, resolution of this issue is unnecessary.

motion to dismiss for failure to bring the action within the time period of the governing statute of limitations must accordingly be denied.[4]

Preliminarily, the parties dispute whether section 8119 or section 8106 is controlling should both provisions be deemed applicable. In light of the statutory language and the relevant case law, the Court finds plaintiff's assertion that section 8106 is dominant to be wholly untenable. Section 8106 concludes by indicating that it is subject to the provisions of section 8119 and other sections. Further, *Read v. Local Lodge 1284*, 528 F.2d 823, 825 (3d Cir. 1975), holds that section 8119 supersedes section 8106 in cases of conflict.[5]

■ Equally unsatisfactory is defendant's attempt to resolve the statute of limitations question by placing this case into a tort or contract cubbyhole. The difficulty with this mode of analysis is that a requirement has evolved that a court interpreting the Delaware limitations scheme must focus on the particular injury suffered, as opposed to the nature of the cause of action. *Read, supra*, 528 F.2d at 825; *Patterson v. Vincent*, 5 Del.Super. 442, 5 Terry 442, 61 A.2d 416 (1948). Categorizing the instant action as either in tort or contract is unhelpful to the inquiry whether the harms alleged constitute personal injuries within the purview of section 8119.

The primary contention of plaintiff is that section 8119 applies only to cases of personal injuries caused by physical force or impact, and that the alleged injuries in the instant matter are not of that type. Defendant responds that "[t]he phrase, personal injury, generally denotes an injury to a person, whether administered intentionally, wantonly, or by negligence. It does not necessarily involve physical contact with the person injured or mere bodily or physical injuries."[6]

■ In advancing her contention, plaintiff is unable to distinguish *McNeill v. Tarumianz*, 138 F.Supp. 713 (D.Del.1956), and thus urges the Court to disavow that case. In *McNeill*, the district court found that the concept of a personal injury includes injuries to the reputation and consequently held that libel was a personal injury within the meaning of the statute. The Court declines plaintiff's invitation to repudiate the reasoned analysis of *McNeill* and finds that case dispositive of the instant motion with respect to Count II of the complaint. An action for personal injuries derived directly from defamatory conduct is governed by the two year statute of limitations of section 8119.[7]

■ The remaining issue is whether actions based on unlawful ouster and malicious use of legal process but arising from the same operative nucleus of fact as the defamation action constitute personal injuries as intended by section 8119. This question requires the Court to focus upon what injuries not involving physical force or impact may represent personal injuries within the meaning of the statute.

A similar problem was confronted by the Court this same day in *Heritage v. Board of Education*, 447 F.Supp. 1240 (D.Del. March

---

**4.** Plaintiff also advances in her brief the argument that defendant's actions "constituted crimes and therefore are actionable per se," thus apparently precluding any statute of limitations problems. Doc. 17, at 9–10. Noting that on its face such reasoning is questionable, the Court finds it unnecessary to make a definitive ruling on this contention because the complaint fails to allege any criminal violations by defendant.

**5.** Although technically *Read* involved a comparison of section 8106 to 10 *Del.C.* § 8118, and not section 8119, the analysis is apt because section 8118 was the provision relevant to alleged personal injuries at the time of *Read*.

Section 8118 became 10 *Del.C.* § 8119 as part of a 1974 renumbering of the statutory scheme. 10 *Del.C.Rev.* 1974, § 8119.

**6.** Doc. 13, at 7.

**7.** In conjunction with the claim of defamation, Count II of the complaint includes an allegation of intentional infliction of mental distress. Paragraph 27 of the complaint characterizes the alleged harm as "severe emotional distress." In addition to the above analysis, these alleged physical manifestations justify applying the personal injury statute of limitations to this count.

9, 1978). *Heritage* involved a claim of breach of duty of fair representation predicated upon a teacher's allegation that she was discharged without being afforded certain procedural rights. Contrasting *McNeill, supra,* with *Hood v. McConemy,* 53 F.R.D. 435 (D.Del.1971), a legal malpractice action, a distinction was perceived between cases such as *McNeill* wherein the personal injury derives directly from the allegedly illegal action and matters such as *Hood* where the personal injury inheres at best only indirectly from the allegedly improper conduct. The conclusion reached was that the harm allegedly derived in *Heritage* was akin to that in *Hood* because the personal injury, if any, came from the allegedly improper termination, not from any breach of a duty of fair representation. Accordingly, the two year statute of limitations was deemed inapplicable.

The instant case requires a more detailed conceptual analysis. All three counts of the complaint relate to alleged injuries directly suffered as a result of allegedly illegal actions. The direct-indirect distinction noted in *Heritage, supra,* suffices only when an injury is found to have indirectly resulted from challenged conduct. In such cases, personal injuries have only an attenuated connection to an allegedly illegal act, and the injury suffered from the act is not a personal injury within the statutory intendment. When, however, a direct relationship occurs, further inquiry must be made to determine if the injury suffered is a personal injury under section 8119. *McNeill, supra,* resolved that libel was such an injury.

Clarification of the issue was supplied by Judge Garth in *Read, supra* :

"The term 'personal injuries' in 10 Del.C. § 8119 (rev. 1974) 'should be given the same or equivalent meaning as that long understood to be [its] meaning when used by recognized authorities and the courts.'

*McNeill v. Tarumianz,* 138 F.Supp. 713, 716 (D.Del.1956). Thus, personal injuries involve injuries to a person's security, which consists ' "in a person's legal and uninterrupted enjoyment of his life, his limbs, his body, his health and his reputation." ' *Id.,* quoting 1 W. Blackstone, Commentaries 129 (10th ed. 1787)."

528 F.2d at 828 n. 2 (dissenting opinion). Under this definition, *McNeill* correctly controls Count II because libel entails injury to a person's reputation. The unlawful ouster and malicious use of legal process counts, however, fail to involve injuries to a person's security. Rather, Counts I and III essentially involve injuries to a person's business and possessions, and these injuries are not included within section 8119 personal injuries.

It is concluded Counts I and III are not subject to section 8119. The only remaining task is to determine if these counts properly fall within section 8106, or, if not, which statutory section is relevant. For three reasons, section 8106 is deemed controlling. First, the injuries complained of compare strongly to those in the types of actions formerly sounding in trespass or trespass on the case. Such actions were intended to be included within the section 8106 language "an injury unaccompanied with force or resulting indirectly from the act of the defendant." *McNeill, supra,* 138 F.Supp. at 715–16. Second, the actions at least in part theoretically are based on statutes. *See* 25 *Del.C.* § 5517; 11 *Del.C.* § 271. Third, the parties have not cited and the Court is unaware of a more appropriate Delaware statute of limitations provision to utilize.

Defendant's motion to dismiss for failure to bring the cause of action within the statute of limitations will be granted with respect to Count II of the Complaint and denied with respect to Counts I and III.[8]

---

8. In addition to the principal motion filed by defendant to dismiss for failure to satisfy the statute of limitations, defendant has also filed a motion to dismiss for failure to state a cause of action upon which relief can be granted. Apparently due to the filing of an affidavit by plaintiff, the parties dispute whether this motion should be classified as a motion to dismiss pursuant to F.R.Civ.P. 12(b)(6) or a summary judgment motion pursuant to F.R.Civ.P. 56. Applying the standard whether "it appears to a certainty that the plaintiff is entitled to no

relief under any state of facts which could be proved in support of the claim," *Scott v. Plante*, 532 F.2d 939, 945 (3d Cir.1976), the Court is unable to conclude that dismissal is appropriate. The motion to dismiss for failure to state a cause of action will be denied. Further, because this determination may be made without reference to plaintiff's affidavit, the motion will be construed as made pursuant to F.R.Civ.P. 12(b)(6).