Janet W. HERITAGE, Plaintiff,

v.

**BOARD OF EDUCATION, DeLaWARR SCHOOL DISTRICT, and Delaware State Education Association, Inc., Defendants.**

**Civ. A. No. 76–385.**

United States District Court,
D. Delaware.

March 9, 1978.

Eugene J. Maurer, Jr., Wilmington, Del., for plaintiff.

Thomas S. Lodge of Connolly, Bove & Lodge, Wilmington, Del., for defendant Bd. of Ed., DeLaWarr School Dist.

Sheldon N. Sandler of Bader, Dorsey & Kreshtool, Wilmington, Del., for defendant Del. State Ed. Ass'n, Inc.

## OPINION

MURRAY M. SCHWARTZ, District Judge.

Plaintiff, a former teacher, has sued the Delaware State Education Association, Inc. ("DSEA") and the Board of Education of the DeLaWarr School District for damages and reinstatement, alleging that she was discharged without being afforded certain procedural rights. Defendant DSEA has moved to dismiss the complaint on the grounds, *inter alia*, that the applicable statute of limitations has run.[1]

The dates on which the relevant occurrences in this case transpired are not in dispute. In April 1974, plaintiff was notified that her contract would not be renewed for the 1974–75 school year. Plaintiff requested a hearing before defendant school board and a hearing was held on May 16, 1974. Although plaintiff was not present, the hearing proceeded, allegedly because a representative of defendant DSEA informed the school board that he was acting as plaintiff's representative and that her presence at the hearing was not required. The Complaint in this action was filed on November 10, 1976. Thus the Complaint was timely filed if a three year or longer statute of limitations governs, but was dilatory and must be dismissed if a two year or shorter limitations period is in effect.

The issue before the Court is which statute of limitations governs. The primary[2] legal theory advanced by plaintiff is that defendant DSEA breached its duty of fair representation.[3] The parties are agreed and the Court concludes that because no express statute of limitations has been provided federally for this type of action, the most appropriate state statute of limitations must be applied. *See Auto Workers v. Hoosier Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966); *Read v.*

---

1. Defendant DSEA propounded three other grounds in support of its motion to dismiss: (1) failure to allege in the complaint that internal union remedies were exhausted; (2) failure to allege in the complaint a breach of a duty of fair representation by defendant union DSEA; and (3) lack of jurisdiction due to failure to allege facts sufficient to prove that defendant DSEA acted under color of state law. Grounds one and two, respectively, are no longer in dispute because plaintiff has amended her complaint to rectify the alleged pleading deficiencies. With respect to ground three, plaintiff claims jurisdiction over defendant union DSEA based upon diversity, 28 U.S.C. § 1332, so that proof that DSEA acted under color of state law is unnecessary.

2. Plaintiff secondarily asserts a violation of state law, on the grounds that 14 *Del.C.* § 1413 delineates rights which plaintiff sought and was entitled to as a matter of state law. In so far as this statute is relevant to defendant union DSEA, a matter not now decided, the statute of limitations analysis set forth in this opinion governs the section 1413 claim because the Delaware limitations scheme is based on the particular injury suffered, not on the type of action instituted. *See* text accompanying n. 8 p. 5 *infra.*

3. Breach of duty of fair representation is a judicially defined doctrine initially established in the context of racial discrimination. *See Read v. Local Lodge 1284,* 383 F.Supp. 776, 778 (D.Del.1974), aff'd, 528 F.2d 823 (3d Cir. 1975). *Vaca v. Sipes,* 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967), extensively discusses the doctrine in the context of the grievance process.

*Local Lodge 1284,* 528 F.2d 823, 825 n. 1 (3d Cir. 1975); *Howell v. Cataldi,* 464 F.2d 272, 277 (3d Cir. 1972).

Plaintiff avers that the claim is governed by the three year statute of limitations in 10 *Del.C.* § 8106 [4] because breach of duty of fair representation is an action based on a statute. Plaintiff also states that section 8106 controls because the action is based on an implied promise that DSEA made to its members. Defendant relies on 10 *Del.C.* § 8119.[5] That section, which supersedes section 8106 in cases in which both could be deemed applicable,[6] prescribes a two year statute of limitations for recovery of damages for "alleged personal injuries." Thus the question that must be resolved is whether an action for reinstatement and damages for a termination allegedly involving a breach of a duty of fair representation constitutes an action for personal injuries within the purview of section 8119 or, if not, an action upon a statute or promise under section 8106.

The starting point for analysis is *Read v. Local Lodge 1284, supra.* In that case, plaintiff railroad employee sued his union, alleging that the union breached its duty of fair representation by arbitrarily rejecting plaintiff's grievance, and that this breach caused plaintiff's ensuing back injuries. The Third Circuit affirmed the decision of the Delaware district court that the two year statute of limitations applicable to personal injuries governed the case.[7] The circuit court first concluded that under *Patterson v. Vincent,* 5 Del.Super. 442, 5 Terry 442, 61 A.2d 416 (1948), a court interpreting the Delaware limitations scheme must focus on the particular injury suffered, rather than on the nature of the cause of action.[8] This focus on the particular injury led the circuit court to conclude that because the case involved "a suit for damages based on a claim for personal injuries," 528 F.2d at 825, the two year statute of limitations pertinent to alleged personal injuries applied.

The Third Circuit stressed in *Read* that the damages sought were those generally recoverable in a personal injury action, noting particularly the physical and mental pain suffered and the resultant termination of employment. 528 F.2d at 825–26. Plaintiff's mental pain and lost salary were caused · by his physical infirmity. This prominent consideration of physical injury distinguishes *Read* from the instant case, in which no physical injury was suffered.

Thus the most relevant cases to the instant action are those in which it was alleged that the personal injury statute of limitations applied, the focus was upon the particular injury suffered, and no physical injury was discerned. One such case is *McNeill v. Tarumianz,* 138 F.Supp. 713 (D.Del.1956), a libel action. Reasoning that

---

**4.** 10 *Del.C.* § 8106 states:

"No action to recover damages for trespass, no action to regain possession of personal chattels, no action to recover damages for the detention of personal chattels, no action to recover a debt not evidenced by a record or by an instrument under seal, no action based on a detailed statement of the mutual demands in the nature of debit and credit between parties arising out of contractual or fiduciary relations, no action based on a promise, no action based on a statute, and no action to recover damages caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant shall be brought after the expiration of 3 years from the accruing of the cause of such action; subject, however, to the provisions of §§ 8108–8110, 8119 and 8127 of this title."

**5.** 10 *Del.C.* § 8119 provides:

"No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained; subject, however, to the provisions of § 8127 of this title."

**6.** 10 *Del.C.* § 8106; *Read, supra,* 528 F.2d at 825.

**7.** At the time of *Read,* the statute of limitations for alleged personal injuries was 10 *Del.C.* § 8118. The same statutory provision was made 10 *Del.C.* § 8119 as part of a 1974 renumbering of the statutory scheme. 10 *Del. C.Rev.*1974, § 8119.

**8.** This requirement of focus on the particular injury distinguishes the instant case from cases arising in other jurisdictions that were cited by defendant. *See* Doc. 10, at 6.

the concept of a personal injury includes injuries to the reputation, the district court held that libel was a personal injury within the meaning of the statute.

*McNeill* contrasts with *Hood v. McConemy,* 53 F.R.D. 435 (D.Del.1971), a legal malpractice action. The district court in *Hood* rejected the concept that legal malpractice necessarily must be labelled a personal injury for statute of limitations purposes. "[T]he personal injuries are relevant only to the merits of the Hoods' initial claim. Their [legal malpractice] claim against McConemy relates to damages he may have committed to their [medical] malpractice action, personal property." 53 F.R.D. at 443 n. 13. Accordingly, *Hood* decided that labelling legal malpractice as either a tort action or a contract action was unhelpful, and that the two year personal injury statute of limitations was inapplicable.

■ Because the present case fits closely within the reasoning of *Hood,* and in the absence of a definitive pronouncement from the Delaware state courts, the Court concludes that the action is not a personal injury action as contemplated by 10 *Del.C.* § 8119. The personal injuries in the instant case are relevant only to the allegedly improper termination of the employment relationship. The breach of duty of fair representation claim relates to damage allegedly inflicted upon the improper termination action, personal property.[9] This analysis distinguishes the present case from *McNeill, supra,* because in that situation the personal

injury resulted directly from the allegedly libellous conduct.

This conclusion comports with that reached within this District in *Marshall v. Electric Hose & Rubber Co.,* 68 F.R.D. 287 (D.Del.1975).[10] *Marshall* was a non-physical injury case involving a breach of a duty of fair representation claim. The unfair representation claim was predicated upon the alleged failure of a union to represent some of its members because of their race.[11] Apparently rejecting use of 10 *Del.C.* § 8119, the district court stated that the three year statute of limitations in 10 *Del.C.* § 8106 applied, whether the action arose "from the union-member relationship or from a breach of a statutorily imposed duty." 68 F.R.D. at 294.

■ Having decided that the two year statute of limitations of 10 *Del.C.* § 8119 is inapplicable, the determination of the appropriate statute of limitations must be made. Plaintiff urges use of 10 *Del.C.* § 8106 because this case is an action based upon a statute and upon a promise. Defendant, referring first to plaintiff's state claim under 14 *Del.C.* § 1413, *see* n. 2 p. 2, *supra,* avers that the phrase "based on a statute" in 10 *Del.C.* § 8106 must be narrowly construed and is not applicable to this case.[12] Construing *Butler v. Butler,* 222 A.2d 269 (Del.1966), defendant claims the phrase refers specifically to statutes creating a right to sue for the recovery of money or property. Defendant later broadens this argument by indicating that the claim of

9. Defendant argues that in Delaware an action based on injury to personal property is subject to a two year statute of limitations, citing *Hanby v. Cross,* 364 A.2d 834 (Del.Super.1976). Doc. 7, at 7. In *Hanby,* the relevant statute with respect to personal property was 10 *Del.C.* § 8107. But *Hood v. McConemy, supra,* makes clear that section 8107 applies only to injuries accompanied by force. 53 F.R.D. at 444. Thus although *Hanby* involved injury to personal property as a result of an automobile accident, the present case contains no such act of force and section 8107 cannot apply.

10. The conclusion here reached also dovetails with that expressed *sub silentio* by Judge Garth in his dissenting opinion in *Read, supra,* on an issue not reached by the majority in that case. Although *Read* contained actual physical injury

to plaintiff and the majority focused upon this infirmity, Judge Garth indicated that the claim of breach of duty of fair representation could encompass damages not related to the personal injury and that such damages would not be subject to the two year limitation of 10 *Del.C.* § 8119. The types of damages identified by Judge Garth were attorney's· fees incurred in obtaining the right allegedly breached and punitive damages. *See* 528 F.2d at 826–28 (dissenting opinion).

11. The precise facts of *Marshall* appear in an earlier opinion in the case, located at 65 F.R.D. 599 (D.Del.1974).

12. Doc. 10, at 2.

breach of duty of fair representation does not fit within section 8106 because that entire section is limited to "a collection of causes of action expressly authorizing the recovery of money or property." [13]

In the context of this case, several responses to the argument may be advanced. First, *Marshall* held, 68 F.R.D. at 294, and *Read* implied, 528 F.2d at 825–26, that a claim for breach of duty of fair representation that does not fall within the purview of 10 *Del.C.* § 8119 must be governed by the three year limitations period in 10 *Del.C.* § 8106. Second, *Butler* resolved that because the language "based on a statute" failed to apply to that case, no statute of limitations could be raised as a defense to an action for divorce. 222 A.2d at 272. If no statute of limitations were to govern the present action, defendant's motion on the ground of expiration would have to be denied. Third, given that section 8119 does not apply, defendant does not propose a statutory limitations provision more applicable to this action than section 8106. Fourth, the overall intent of section 8106 was to encompass this action. This determination is based upon the cumulative effect of the language "based on a promise," "based on a statute," and "caused by an injury unaccompanied with force," that appears within section 8106.

It is held the three year statute of limitations in 10 *Del.C.* § 8106 governs this action. Accordingly, defendant's motion to dismiss the complaint will be denied.