**Richard F. DeMOSS, Plaintiff, Appellant,**

v.

**The NEWS–JOURNAL COMPANY, Defendant, Appellee.**

Supreme Court of Delaware.

Submitted Sept. 13, 1979.

Decided Nov. 8, 1979.

---

\* 10 *Del.C.* § 8106 provides in part that

Richard F. DeMoss, pro se.

Louis J. Finger of Richards, Layton & Finger, Wilmington, for defendant, appellee.

Before HERRMANN, C. J., and DUFFY and QUILLEN, JJ.

PER CURIAM:

The critical issue in this libel action is whether it is barred by the Statute of Limitations.

The relevant facts are undisputed: the allegedly libelous article was published on July 12, 1973, and plaintiff filed the complaint on May 28, 1976, some two years and ten months later.

Plaintiff contends that the three-year statute of limitations in 10 *Del.C.* § 8106 \* should govern the action because libel involves "an injury unaccompanied with force . . . ." Defendant argues that the action is barred by 10 *Del.C.* § 8119 \*\* because it is a claim for "personal injuries" and thus is within the § 8119 two-year limitations period.

The Superior Court determined that § 8119 controlled and, for that reason, the

"[n]o action to recover damages for trespass . . . and no action to recover damages caused by an injury unaccompanied with force or resulting indirectly from the act of the defendant shall be brought after the expiration of 3 years from the accruing of the cause of such action; subject, however, to the provisions of § . . . 8119 . . . of this title."

\*\* 10 *Del.C.* § 8119 states in substance that: "[n]o action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained . . . ."

action was barred by plaintiff's failure to comply with the time requirements of that statute.

The thoughtful and carefully researched opinion by Judge Wright in *McNeill v. Tarumianz*, D.Del., 138 F.Supp. 713 (1956), supports the Superior Court's decision. Judge Wright noted that a libel action involves an injury " 'unaccompanied with force or resulting indirectly from the acts of the defendant' " (as specified in § 8106), but he went on to determine, after reference to *Blackstone's Commentaries, Kent's Commentaries,* and the decided cases, that a libel action is also included within the § 8119 term "personal injuries." 138 F.Supp. at 716. He concluded that in such a case the two-year limitations period must control, on the grounds that § 8119 is "specifically set forth as a controlling exception to the general three year limitation period of 10 Delaware Code, Section 8106." 138 F.Supp. at 715.

We agree with that analysis and conclusion, and we hold that the libel action before us is time barred.

Affirmed.