# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

CAESAR COOPER,               )
                             )
          Plaintiff,         )
                             )
     v.                      )
                             )          C.A. No. N20C-07-124 CLS
CADIA PIKE CREEK,            )
                             )
          Defendant.         )
                             )
                             )
                             )

Date Decided: February 4, 2021

*Upon Defendant Cadia Pike Creek's Motion to Dismiss*
**GRANTED.**

## ORDER

Caesar Cooper, *pro se.*

Richard P. Beck, Esquire, Richard Beck LLC, Wilmington, Delaware, Attorney for Defendant.

**SCOTT, J.**

On this 4th day of February, 2021, and upon Defendant Cadia Pike Creek's ("Cadia") Motion to Dismiss, the Court finds as follows:

1. On July 14, 2020, Mr. Caesar Cooper ("Mr. Cooper") filed a Complaint against Cadia and alleged that Cadia's employees[1] wrongfully accused Mr. Cooper of committing abuse against resident Mr. Charles Norgan (the "Resident"). Mr. Cooper argues that Cadia is responsible for its employees' actions.

2. Mr. Cooper alleges that Cadia's employees defamed him in written and verbal statements that were presented at a DHSS Administrative Hearing on July 17, 2018.

3. Mr. Cooper asserts that these statements were also used at a Board of Nursing Hearing on September 5, 2019.

4. On October 5, 2020, Cadia filed its Motion to Dismiss and Motion for a More Definite Statement.

5. Cadia argues that, even if the alleged statements made by Cadia's employees were false (which Cadia does not concede), these statements are protected because they were made in connection with quasi-judicial hearings and relevant to the investigations conducted by DHSS and the Board of Nursing.

---

[1] The following employees are listed in the Complaint: (1) Director of Human Resources; (2) Director of Nursing; (3) Assistant Director of Nursing; (4) Certified Nursing Assistant; and Wound Care Nurse.

1

6. In the alternative, Cadia requests, in the event that this Court does not grant Cadia's Motion to Dismiss, that this Court require Mr. Cooper to provide a more definite statement of the underlying allegations.

7. When deciding a Superior Court Civil Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court must accept all well-pled allegations in the complaint as true and draw all reasonable inferences in the light most favorable to the non-moving party.[2] The Court will dismiss a complaint if it is meritless as a matter of fact or law.[3] If a plaintiff can recover under any conceivable set of circumstances susceptible to proof under the complaint, the Court will deny the motion to dismiss.[4]

8. The statute of limitations in Delaware for defamation claims is two years.[5] Mr. Cooper claims that these alleged defamatory statements were made at July 17, 2018 DHSS Administrative Hearing and the September 5, 2019 Board of Nursing Hearing. Mr. Cooper filed his Complaint on July 14, 2020. As a

---

[2] *Yu. v. GSM Nation, LLC*, 2018 WL 2272708, at *4 (Del. Super. Apr. 24, 2018).
[3] *Diehl-Guerrero v. Hardy Boys Construction, LLC*, 2017 WL 886786, at *2 (Del. Super. Feb. 28, 2017) (citing *Diamond State Tel. Co. v. Univ. of Delaware*, 269 A.2d 52, 58 (Del. 1970)).
[4] *Id.* (citing *Ramunno v. Cawley*, 705 A.2d 1029, 1034 (Del. 1998)).
[5] 10 *Del. C.* § 8119 (2014) ("No action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained ..."); *DeMoss v. News–Journal Co.*, 408 A.2d 944, 945 (Del.1979) (affirming lower court's application of § 8119 to libel claim); *Abbott v. Gordon*, 2008 WL 821522, at *23 (Del.Super.Ct. Mar. 27, 2008)(applying § 8119 in defamation claim).

2

result, Mr. Cooper's claim of defamation is not barred by the statute of limitations.

9. Defamation consists of the "twin torts" of libel (written) and slander (verbal).[6] Defamation is generally understood as "that which tends to injure 'reputation' in the popular sense; to diminish the esteem, respect, goodwill or confidence in which the plaintiff is held."[7] To establish a claim for defamation under Delaware law, the plaintiff must plead: (1) a defamatory communication; (2) publication; (3) reference to the plaintiff; (4) the third party's understanding of the communication's defamatory character; and (5) injury.[8]

10. Long-Term Care Facilities and Services is governed by 16 Delaware Code Chapter 11. Under Subchapter III of Chapter 11,[9] the Delaware Legislature created requirements for long-term care facilities, including its employees, to report suspected abuse, mistreatment, neglect, or financial exploitation of a resident or patient to the DHSS.

11. Under 16 *Del. C.* § 1132(a)(1), long-term care facility employees who have reasonable cause to believe that a patient or resident has been abused,

---

[6] *Read v. Carpenter,* 1995 WL 945544, at *2 (Del.Super. Ct. June 8, 1995).
[7] *Spence v. Funk,* 396 A.2d 967, 969 (Del.1978).
[8] *Read,* 1995 WL 945544, at *2.
[9] Titled "Abuse, Neglect, Mistreatment, or Financial Exploitation of Residents or Patients."

mistreated, neglected, or financially exploited must report such information to the DHSS.[10] If such information is not reported, under Section 1132(b), such employees may be subjected to a fine of $1000 or imprisonment for no more than 15 days.[11]

12. Under 16 *Del. C.* § 1135(a), a person making any oral or written report in connection with reporting suspected abuse, mistreatment, neglect, or financial exploitation is not liable in any civil or criminal action by reason of such report where such report was made in good faith or under the reasonable belief that such abuse, financial exploitation, mistreatment, or neglect has taken place.[12]

13. Additionally, under 24 *Del. C.* § 1930,[13] any individual licensed under Chapter 19 (Nursing) has a duty to report to the Division of Professional Regulation, in writing, information that the licensee reasonably believes indicates that another practitioner or healthcare provider has engaged in or is engaging in conduct that would constitute grounds for disciplinary action.[14]

14. Under 24 *Del. C.* § 1930(d), a person reporting or testifying in a proceeding as a result of such a report is immune from civil or criminal liability so long as

---

[10] 16 *Del. C.* § 1132(a)(1).
[11] 16 *Del. C.* § 1132(b).
[12] 16 *Del. C.* § 1135(a).
[13] Titled "Duty to report conduct that constitutes grounds for discipline or inability to practice."
[14] 24 *Del. C.* § 1930.

the person acted in good faith and without gross or wanton negligence.[15] § 1930(d) makes clear that good faith is presumed until proven otherwise.[16]

15. Mr. Cooper alleges that Cadia's employees published defamatory communications at a DHSS Administrative Hearing and Board of Nursing Hearing, that these statements made reference to Mr. Cooper and his alleged conduct, that Cadia's employees knew that the statements were false, and that he suffered injury as a result. Mr. Cooper's Complaint is sufficient for asserting a claim for defamation.

16. While it appears conceivable that Mr. Cooper could recover, Delaware's Legislature has statutorily provided protections to long-term care facilities, for reporting suspected abuse, mistreatment, neglect, or financial exploitation of a resident or patient to the DHSS in good faith or under reasonable belief. Additionally, individuals licensed under Title 19 of the Delaware Code (Nursing) are also protected for reporting the same.

17. Cadia and its employees are protected from claims of defamation for making reports in compliance with Delaware statutory requirements. Mr. Cooper's claim of defamation against Cadia for its employees having made oral or

---

[15] 24 *Del. C.* § 1930(d).
[16] *Id.*

5

written statements to the DHSS or the Board of Nursing is precluded as a matter of law.

Therefore, for the reasons stated above, Cadia Pike Creek's Motion to Dismiss is **GRANTED**.

**IT IS SO ORDERED.**

_____
**The Honorable Calvin L. Scott, Jr.**