# SUPERIOR COURT
## of the
## STATE OF DELAWARE

Jeffrey J Clark
Resident Judge

Kent County Courthouse
38 The Green
Dover, DE 19901
Telephone (302)735-2111

Ms. Donicha McCann-Cross, *Pro Se*
433 Northdown Drive
Dover, DE 19904

Mr. Scott G. Wilcox, Esquire
Giordano & Gagne, LLC
5315 Limestone Road
Wilmington, DE 19808

Submitted: January 29, 2025
Decided: February 10, 2025

**RE:** ***Donicha McCann-Cross v. Dover EMS and Kent County EMS,***
***C.A. No. K24C-11-011 JJC***

Dear Ms. McCann-Cross and Mr. Wilcox:

The Court has considered Defendant Kent EMS's motion to dismiss and Ms. Donicha McCann-Cross's ("Ms. McCann-Cross's") response. For the reasons explained below, the applicable statutes of limitations bar Ms. McCann-Cross's claims. Accordingly, Kent EMS's motion to dismiss must be granted.

## FACTUAL AND PROCEDRUAL BACKGROUND

Ms. McCann-Cross alleges the following facts which are accepted as true for purposes of this motion to dismiss. Ms. Donnine McCann-Cross (hereafter the "Decedent") passed away suddenly because of injuries suffered in a car accident at the intersection of Saulsbury and College Road in Dover on February 20, 2021. Immediately after the accident, the Decedent's daughter called Ms. McCann-Cross

and informed her of the accident. Ms. McCann-Cross then drove to the accident scene within four minute. When she arrived, Kent EMS's personnel were already at the scene, but the Decedent, her sister, was still in her vehicle. Ms. McCann-Cross alleges that Kent EMS personnel unreasonably delayed treating the Decedent's life-threatening injuries.

Ms. McCann-Cross further contends in her complaint that EMS personnel, including Kent EMS, falsified records to conceal their negligence. She also alleges that Kent EMS personnel defamed her in those records when they documented that (1) she interfered with their treatment of the Decedent, and (2) the police had to remove her from the scene because of her unruliness.

Her complaint contends, *inter alia*, that "Dover EMS and Kent County EMS" neglected to provide the Decedent timely or adequate medical care which, in turn, caused her death.[1] She requests "$800,000 for pain and suffering and witnessing the transaction of neglect on February 20, 2021."[2] She also alleges defamation. Separately, she has filed a motion for default judgment against Defendant Dover EMS because that entity has not responded to her complaint.[3]

Kent EMS relies primarily on the applicable statutes of limitations in defense. Alternatively, it moves to dismiss her complaint because Ms. McCann-Cross, rather than the Decedent's estate, seeks to file claims for healthcare negligence in survivorship. Furthermore, Kent EMS contends that the healthcare negligence aspect of the suit should be dismissed because Ms. McCann-Cross has not filed an

---

[1] Pl.'s Compl. at ¶ 11 (D.I. 1).

[2] *Id*. at ¶ 12.

[3] Ms. McCann-Cross sought to serve her complaint upon both Kent EMS *and* Dover EMS at Kent County's administrative building. As the Court explained at oral argument, it can take no action on her motion to default upon Dover EMS because the record uncontrovertibly demonstrated that Dover EMS did not receive adequate service of process.

affidavit of merit to support those claims. Finally, Kent EMS relies on the defense of sovereign immunity as to all claims.

Ms. McCann-Cross counters that she seeks damages for harm she and the Decedent's children suffered when witnessing the result of Defendants' healthcare negligence. She further contends that recitations documented in the emergency responders' records are false and defamatory because they (1) wrongfully blame her for her sister's death and (2) falsely state that the police had to remove her from the accident scene. Finally, she contends that both Kent EMS's and Dover EMS's false statements constituted fraud. That, in turn, she contends, tolls the statute of statute of limitations that applies to her defamation claims.

## STANDARDS

The complaint and any documents attached to it define the "universe of facts" the Court may consider when ruling on a Superior Court Civil Rule 12(b)(6) motion.[4] In Delaware, the standard to survive a motion to dismiss is reasonable conceivability.[5] To that end, the Court must not dismiss a claim unless the "plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."[6] Under Rule 12(b)(6), the Court views the complaint in the light most favorable to the nonmoving party, accepts all allegations as true, and draws all reasonable inferences flowing from those allegations in favor of the nonmovant.[7] Even vague allegations in the complaint are sufficient if they give the opposing party notice of the claim.[8]

---

[4] *Lakeview Loan Servicing, LLC v. Green-Hall*, 2024 WL 4533514, at * 2 (Del. Super. Oct. 21, 2024).

[5] *In re Swervepay Acquisition, LLC*, 2022 WL 3701723, at * 6 (Del. Ch. Aug. 26, 2022) (quoting *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Hldgs. LLC*, 27 A.3d 531, 537 (Del. 2011)).

[6] *Savor, Inc. v. FMR Corp.*, 812 A.2d 894, 897 (Del. 2002) (citing *Kofron v. Amoco Chems. Corp.,* 441 A.2d 226, 227 (Del. 1982)).

[7] *Deuley v. DynCorp Int'l, Inc.*, 8 A.3d 1156, 1160 (Del. 2010) (quoting *Clinton v. Enterprise Rent–A–Car Co.,* 977 A.2d 892, 895 (Del. 2009)).

[8] *Savor, Inc.*, 812 A.2d at 896–97.

As to Kent EMS's statutes of limitations defenses, the General Assembly limits parties' rights to assert claims by statutorily imposing deadlines for filing those claims.[9] The Court has no power to consider claims that were not filed within the prescribed time periods. As a result, the Court must dismiss untimely claims unless the circumstances delay the accrual of the statute or toll its running.

**DISCUSSION**

Under the circumstances of this case, Kent EMS's motion to dismiss must be granted because Ms. McCann-Cross did not file her complaint within the applicable statutes of limitations. Ms. McCann-Cross's complaint alleges medical negligence, defamation, and what is most appropriately considered a first-party claim for her emotional harm because she witnessed emergency medical personnel's alleged mistreatment of her sister at the accident scene.[10] There are two statutes of limitations that directly apply to her various claims—here, the time periods for both expired before she filed suit.

First, the two-year statute of limitations applicable to medical negligence actions bars her claims regarding medical negligence. Ms. McCann-Cross did not file suit within two years of the date of the injury.[11] Here, the Decedent passed away

---

[9] Statutes of limitations must be "strictly construed because the General Assembly has evinced its intent to bar claims filed after the stated time[.]" *Wilson v. King*, 673 A.2d 1228, 1231 (Del. Super. 1996).

[10] Ms. McCann-Cross also contended in her response to Kent EMS's motion to dismiss and at oral argument that both Dover EMS and Kent EMS violated 18 U.S.C. §1035. She did not include a claim based upon that statute in her complaint. Even if she had, it is a federal criminal statute that she does not demonstrate forms the basis for civil liability.

[11] *See* 18 *Del. C.* § 6856 (providing that, "[n]o action for the recovery of damages upon a claim against a health-care provider for personal injury, including personal injury which results in death, arising out of medical negligence shall be brought after the expiration of 2 years from the date upon which such injury occurred"). At oral argument, Ms. McCann-Cross explained that she did not intend to file a healthcare negligence claim on behalf of the Decedent. Rather, she pursues a claim on her own behalf because she witnessed the alleged negligence. Apart from the issue of standing, the expiration of the statute of limitations makes those claims unavailable.

immediately after the accident on February 20, 2021. Ms. McCann-Cross did not file her complaint until November 13, 2024, more than three years later.

Second, Ms. McCann-Cross's defamation claims arising from the Kent EMS report are also barred by the applicable statute of limitations. As the Delaware Supreme Court recognized in *DeMoss v. News-Journal*,[12] the two-year statute of limitations applicable to personal injury claims, located at 10 *Del. C.* § 8119, applies to defamation claims.[13] Kent EMS completed its report within two days of the accident. That report contained the allegedly defamatory statements, and Ms. McCann-Cross' failure to file suit for more than three-years bars her claims for them.

In attempting to avoid the statute of limitations for her defamation claims, Ms. McCann-Cross contends that the allegedly false statements constituted fraud. That alleged fraud, she contends, tolled the statute of limitations. Granted, the doctrine of fraudulent concealment may toll a statute of limitations.[14] For tolling to apply, however, a plaintiff must show that the fraudulent perpetrator "engaged in an 'affirmative act of concealment' to 'put the plaintiff off the trial or inquiry' and prevent the plaintiff 'from gaining knowledge of the facts.'"[15] In this case, Ms. McCann-Cross mistakenly equates allegedly false statements to fraudulent conduct that tolls a statute of limitations. That argument misunderstands the proper focus— that is, the need to determine whether the defendant allegedly perpetrated a fraud *intended to affirmatively hide the existence of the claim*. Here, Ms. McCann-Cross

---

[12] 408 A.2d 944 (Del. 1979).

[13] *Id.* at 945. 10 *Del. C.* § 8119 provides in pertinent part that, "[n]o action for the recovery of damages upon a claim for alleged personal injuries shall be brought after the expiration of 2 years from the date upon which it is claimed that such alleged injuries were sustained."

[14] *See Washington House Condominum Ass'n of Unit Owners v. Daystar Sills, Inc.*, 2017 WL 3412079, at *18 (Del. Super. Aug. 8, 2017) (explaining that a "statute of limitations may be tolled where the facts underlying a cause of action 'were so hidden that a reasonable plaintiff could not timely discover them'") (citation omitted).

[15] *Id.* (quoting *In re Dean Witter P'ship Litig.*, 1998 WL 442456, at *5 (Del. Ch. July 17, 1998), *aff'd,* 725 A.2d 441 (Del. 1999)).

alleges no facts to support that Kent EMS took any action, much less fraudulent action, to hide those statements from her. The statute of limitations applicable to her defamation claims was not tolled. Those claims must be dismissed because she did not meet the statutory deadline for filing them.

Third and finally, when providing Ms. McCann-Cross the deference due a *pro se* litigant, the complaint is properly considered to include a claim for either intentional or negligent infliction of emotional distress. Those claims also fall within the two-year statute of limitations applicable to personal injuries.[16] Accordingly, any claims for her emotional harm that arose from witnessing her sister's alleged mistreatment expired more than one year before she filed suit.

## CONCLUSION

For the aforementioned reasons, Ms. McCann-Cross' complaint must be dismissed with prejudice because her claims are barred by the applicable statutes of limitations.

**IT IS SO ORDERED**.


Very truly yours,

/s/ Jeffrey J Clark
Resident Judge


*Via File & ServeXpress*
*U.S. Mail and email to Plaintiff Donicha McCann-Cross*

---

[16] *See Ciabattoni v. Teamsters Loc. 326*, 2017 WL 3175617, at *5 (Del. Super. July 25, 2017) (recognizing that a plaintiff's claim for intentional infliction of emotional distress is subject to the two-year statute of limitations period prescribed by 10 *Del. C.* § 8119); *Ayres v. Jacobs & Crumplar, P.A.*, 1996 WL 769331, at *7 (Del. Super. Dec. 31, 1996) (recognizing that both intentional and negligent infliction of emotional distress claims are governed by the personal injury statute of limitations found at 10 *Del. C.* § 8119).